## DOMINION OIL CO. et al. v. DUGGAN.
### (No. 9420.)

(Court of Civil Appeals of Texas. Dallas. Oct. 17, 1925.)

1. Venue ⬤⟹28—Residence of parties at time of filing of suit held not to fix venue as matter of law.

Under Rev. St. art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and under article 1830, exception 4, residence of parties at time of filing of suit *held* not to fix venue as matter of law.

2. Venue ⬤⟹28—Plea of privilege held properly overruled, although defendant nonresident at time of filing suit.

Where on hearing of plea of privilege in suit in which all defendants except one were nonresidents of the county in which suit was

instituted, evidence showed without contradiction that such defendant was resident of county of suit when she was served with process, and when she filed her plea of privilege and controverting plea was interposed, order overruling the plea was proper under Rev. St. art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and under article 1830, exception 4, notwithstanding that at time suit was filed such defendant was not then a resident of county of suit.

Appeal from District Court, Dallas County; Towne Young, Judge.

Action by R. F. Duggan against the Dominion Oil Company and others. From an order overruling the defendants' plea of privilege, defendants appeal. Affirmed.

Carden, Starling, Carden, Hemphill & Taylor, of Dallas, and Carrigan, Montgomery, Brittain, Morgan & King, of Wichita Falls, for appellants.

Coke & Coke, Rosser J. Coke, and Thomas G. Murname, all of Dallas, for appellee.

JONES, C. J. This is an appeal from the district court of Dallas county on the overruling of a plea of privilege. The specific question involved is whether venue can be maintained in Dallas county in a suit by a plaintiff, in which a joint cause of action is alleged against several defendants, and in which the original petition alleged the residence of each of the several defendants to be either in counties other than Dallas county, or to be nonresidents of the state; and in which it is discovered, before the filing of the plea of privilege and before service on one defendant, that such defendant has removed to and resides in Dallas county; and, by an additional petition, said residence of said defendant is so alleged, and, by prayer therefor, alias citation is issued to and served on said defendant in Dallas county.

On the hearing of the plea of privilege it was established that the Dominion Oil Company, named as a defendant in the suit, was an unincorporated association doing business under a declaration of trust, and that a number of other persons named as defendants were stockholders or trustees in said association; that Mrs. E. A. Phillips, one of the defendants in the suit, at the time service was had upon her, and at the time the plea of privilege was filed, was a resident of Dallas county, Tex. None of the other defendants resided in Dallas county. The defendants involved in this hearing joined in one plea of privilege, which was in due form, being verified by a defendant other than Mrs. Phillips. The controverting affidavit, timely filed by appellee, alleged a joint cause of action against all of the defendants, alleged the facts as to the service of citation on Mrs. Phillips, and also alleged that defendant E. A. Phillips "is now a resident of Dallas county, Tex."

[1, 2] It is contended by appellants that the venue of this suit was fixed by the residence of the parties at the time the suit was filed, and that it became immaterial whether any of the defendants had thereafter removed to the county in which the suit was filed, and that the controverting plea was defective, in that it did not allege that the residence of Mrs. Phillips was in Dallas county at the time the suit was instituted. This issue is presented by appropriate assignments of error and propositions of law.

We cannot agree to appellants' contention. Article 1903 of our Revised Statutes, as amended by the legislative act of 1917 (Acts 35th Leg. c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), lays down the requisites of a plea of privilege, and declares that when these requisites are complied with the plea of privilege shall be prima facie proof of the necessary facts to sustain said plea. These requisites are:

That "a plea of privilege to be sued in the county of one's residence shall be sufficient, if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of such process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at time of such plea. * * *"

Under this statute it is necessary that the one filing the plea of privilege shall make proof by verified plea that at the time of the service of process and at the time of the filing of the plea, as well as at the time of the institution of the suit, he did not reside in the county in which the suit was filed. Appellants made this prima facie proof by the verified plea of privilege. Appellee controverted this plea with reference to appellant Mrs. E. A. Phillips to the extent that she was at that time, and at the time of the service of process on her, a resident of Dallas county, thereby making an issue of fact of this necessary element to the granting of the plea of privilege, such issue to be determined upon the subsequent hearing of said plea. Upon such hearing the evidence indisputably showed that said appellant at the time she was served with process, at the time she filed her plea of privilege, and at the time the controverting plea was filed, was a resident of the county in which the suit was brought. If the Legislature had intended that the residence of the parties at the time of the institution of the suit alone should determine the rights of the parties in reference to their residence, then the enactment as to the other essential elements to be contained in the plea was useless, and could only be regarded as surplusage. Legislative enactments cannot be so construed. It will be observed, also, that another essential statutory element of the plea is that the one asserting the privilege shall state the residence of such

party at the time the plea is filed. This could be only for the purpose of acquainting the trial court with the county to which the suit should be transferred if the plea is sustained. If the plea had stated the facts as developed without contradiction at the trial of the plea of privilege in reference to the residence of Mrs. Phillips, it would have stated her residence to be in Dallas county at the time of the filing of said plea, and would thereby have been defective and subject to demurrer. This is substantially the construction given to this statute by the Court of Civil Appeals for the Second Supreme Judicial District in the case of Avery et al. v. Llano Cottonseed Oil Mill Ass'n, 196 S. W. 351.

We are therefore of the opinion that exception 4 of article 1830 of our venue statute applies to this case, and that the trial court did not err in holding venue of this suit in Dallas county.

Affirmed.