**TEXAS EMPLOYERS' INS. ASS'N v. EVANS.**
**(No. 278.)**

Court of Civil Appeals of Texas. Eastland.
Feb. 17, 1928.

1. Appearance ⬸8(3), 24(1,5)—Filing of plea of privilege was appearance waiving defects in citation or manner of service.

Filing of plea of privilege was appearance and waiver of defects in citation or manner of service thereof.

2. Appearance ⬸12—Filing of plea of privilege was appearance requiring defendant to take notice of all subsequent proceedings.

Filing of plea of privilege placed defendant in court and required it to take notice of all subsequent proceedings in the cause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appearance.]

Error from Palo Pinto County Court; E. L. Pitts, Judge.

On motion for rehearing.

Prior opinion withdrawn, present opinion substituted to conform to the Supreme Court's answers to certified questions (298 S. W. 516), motion overruled, and judgment of the county court affirmed.

Goggans & Allison, of Breckenridge, for plaintiff in error.

W. P. Smith, of Mineral Wells, for defendant in error.

LESLIE, J. On March 11, 1927, this court rendered an opinion in this cause, in all things affirming the judgment of the trial court. Thereafter, on motion for rehearing, certain controlling questions were certified to the Supreme Court, and they have been answered by an opinion in 298 S. W. 516. That opinion sufficiently states the facts of the case. No statement will here be made.

In obedience to the opinion of the Commission of Appeals answering said certified questions and which was adopted by the Supreme Court, the appellant's motion for a new trial herein is overruled.

[1, 2] Aside from the questions involved in the certified questions, there were other assignments in the record complaining of defects in the citations, as well as their manner of service on the defendant. However, it appears that plaintiff in error appeared in court and filed on November 12, 1925, a plea of privilege, which was an appearance and waiver of all such defects in the citation or the manner of service thereof, as complained of by it. This placed the plaintiff in error in court and required it to take notice of all subsequent proceedings in the cause. Santa Fé L. E. & P. Land & Trust Co. v. Cumley, 62 Tex. Civ. App. 306, 132 S. W. 889; York v.

State, 73 Tex. 651, 11 S. W. 869; Richardson v. Wells, 3 Tex. 227; Hopkins v. Wright, 17 Tex. 30; Brooks v. Chatham, 57, Tex. 31.

As noted, this court, in its opinion affirmed the judgment of the trial court, but since we entertained different views upon the questions certified to the Supreme Court to those expressed in the opinion referred to, the prior opinion by this court will therefore be withdrawn and this one substituted therefor.

The appellant's assignments are all overruled. Likewise, the appellant's motion for rehearing.

The judgment of the trial court is affirmed.