## DUNCAN v. GLASSCOCK.

### No. 12689.

Court of Civil Appeals of Texas. Dallas.

May 21, 1938.

Rehearing Denied July 2, 1938.

Roy W. McDonald and Herbert S. Bonney, Jr., both of Dallas, for appellant.

Webster Atwell, of Dallas, for appellee.

LOONEY, Justice.

The events producing the present controversy, stated in chronological order, are these: On June 10, 1932, Lonnie Glasscock filed suit in the court below against T. H. P. Duncan, resident of Tarrant County, Texas, alleging in substance that the defendant, who was owner of a commercial oil and gas lease covering a 6/8ths interest in the oil and gas rights in and under a tract of 20 acres of land, situated in Gregg County, Texas (described by metes and bounds), sold and conveyed in writing to the plaintiff and various other persons (whose names and places of residence were unknown to plaintiff) undivided interests in and to said leasehold, reserving to himself a 1/8 interest in each interest conveyed; that said leasehold was owned by plaintiff and the defendant and others holding under him; that in said conveyances defendant reserved to himself the right to control, manage and operate the leasehold; alleging certain acts of mismanagement by the defendant and the existence of certain conditions that were detrimental to the property, threatening its value—in other words, alleged grounds for the appointment of a receiver, with authority to take·charge of and manage the property until it could be partitioned, praying for such relief.

Defendant Duncan filed an answer, opposing the appointment of a receiver, but on hearing (June 11, 1932) the court made an appointment, the receiver qualified, assumed the duties of the position and, under the orders of court, operated the leasehold, drilled two additional wells, one having theretofore been drilled by the de-

fendant. The defendant, also in answer to the merits, filed a general demurrer and general denial. A number of the co-tenants intervened and set up their respective claims. The case remained on the docket, without further development (so far as disclosed), the receiver being in charge, operating the property when, on September 21, 1937, plaintiff filed an amended petition, stating in detail the names and the places of residence of each of the co-tenants (44 in number), several of whom were alleged to be residents of Dallas County; also alleged the share owned or claimed by each; alleging the death of the defendant, and that Mrs. Blanche A. Duncan, whose residence was alleged to be unknown, was sole heir to defendant's estate; alleged that the receivership having continued for more than three years, no reason existed why it should longer continue, praying that the interest of each co-tenant be established by decree of court, that the property be partitioned accordingly and, if deemed necessary, that it be ordered sold and the proceeds partitioned, etc.

Mrs. Blanche A. Duncan, appellant, was cited by publication, but appeared, and on October 25, 1937, filed a pleading styled a "plea of privilege", alleging therein that her residence was in the State of California; that the purpose of the suit was to quiet title to and remove encumbrances from land, and that, within the meaning of subdivision 14 of Art. 1995, the District Court of Gregg County (the county in which the land was situated), had exclusive venue to try the suit; that no exception to the exclusive venue in the county where the land was situated existed, wherefore, she prayed that the venue of the cause be changed to Gregg County. This plea not being controverted under the provisions of Art. 2007, on December 3rd, 1937, the court sustained same and changed the venue of the case (receivership and all) to the District Court of Gregg County. On December 8, 1937, appellee filed a motion to set aside the order sustaining the plea and changing the venue, alleging therein that the court had theretofore acquired jurisdiction of the properties involved and the parties at interest, and that the question of venue had become settled; that the interest of appellant, if any existed, was not such as to justify the court in sustaining her plea; that the same, in law, was a nullity and of a nature not requiring or demanding the filing of a controverting plea; that prior to the entry of the order

sustaining the plea and changing the venue, no hearing was set, nor had appellee been given notice that the plea was to be heard and acted upon prior to the time the same was taken up; that the trial court was not advised that the matter involved a receivership that had been pending for several years, nor that the interests of various and sundry other persons were involved; that having no notice of the hearing, appellee was precluded from controverting same, and showing, both by reason of law and of fact, that the same should be overruled. This motion was submitted to and heard by the court on December 17, 1937 and, after argument, was taken under advisement, but because of other pressing matters, was not decided within 45 days after the original motion was filed (which expired January 17, 1938)—hence, the motion was considered overruled by operation of law; after which, on January 26, 1938, a second motion, in effect the same as the first, except the fact that the submission of the first motion and its being taken under advisement, were alleged; and thereafter, on January 28th, the court entered an order, setting aside its order of December 3rd (changing the venue of the cause), reciting therein the facts substantially as detailed in the motion, stating that the prior motion of appellee, Lonnie Glasscock (to set aside the order sustaining the plea of privilege of Mrs. Blanche A. Duncan), filed December 8, 1937, was duly argued and presented to the court on December 17, 1937, but through press of other business, was not decided until more than 45 days elapsed from the date it was filed, hence was overruled by operation of law, and that the motion of appellee, filed January 26, 1938 (to set aside said order sustaining the plea of privilege of Mrs. Blanche A. Duncan) should be and is entertained, since it was filed and presented within the 30-day period after the expiration of the 45-day period; and the court being further of opinion that said motion was well taken and should be granted, etc., followed by a formal order setting aside the order of December 3rd; thereupon, appellee urged exceptions to said plea of venue, contending that the same failed to allege any fact or facts entitling appellant to have the venue of the cause changed to the District Court of Gregg County; that, as a non-resident of the State of Texas, she had no personal venue privileges under the statute, and that, as the dominant purpose of the suit (as revealed by appellee's original and

amended petitions) was for the partition of the property involved, subdivision 13 of Art. 1995. controlled the venue of the cause. On hearing, January 28th, the court sustained the exceptions urged by appellee to appellant's alleged plea of privilege, to which she excepted, gave notice and perfected appeal.

■ Appellant contends that, the court below was without power to set aside its order of December 3rd changing the venue. We overrule this contention. Although more than 45 days had elapsed after the first motion to set aside the court's order changing the venue was filed—yet, under the terms of the statute (subd. 30, Art. 2092, operative in Dallas County), the judgment had not become final, but was under the court's control on January 26th and 28th, when the orders were entered, setting aside its former order of December 3rd, and sustaining exceptions to and 'denying appellant's plea. At the time the court took final action, it had not lost control of its judgment, hence, we think it was well within its authority and discretion in rendering the judgment appealed from. See O'Neal v. Texas, etc. Co., 118 Tex. 133, 11 S.W.2d 791; Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031.

■ It is also contended that the dominant purpose of the suit being to prevent, stay waste and try title to land situated in Gregg County, that proper venue of the suit was in the District Court of said county. We cannot accept this view. The dominant purpose of the suit, as revealed in both the original and amended petitions filed by appellee, was to secure the partition, among claimants or co-tenants, of the leasehold estate created by a commercial oil and gas lease on 20 acres of land situated in Gregg County, and the fact that some of the co-tenants contended that appellee did not own as large an interest as claimed, will not operate to change the nature of the suit, but, as provided by Art. 6086, R.C.S., "Upon the hearing of the cause [suit for partition], the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise". Partition of the mineral leasehold between the joint owners or claimants is clearly authorized by Art. 6082, R.S. We, therefore, overrule the contention that the purpose of the suit was other than to partition the mineral leasehold estate.

■ However, appellant contends that, even if the dominant purpose of the suit was to partition the leasehold estate, her plea (styled "plea of privilege") being in statutory form and not controverted, was not demurrable, hence the court erred in sustaining exceptions thereto. Appellant being a non-resident, the pleading filed by her cannot be considered a plea of personal privilege, as only inhabitants of the State are permitted to avail themselves of the procedure and remedy afforded by Arts. 2007 and 2008, R.C.S. The plea simply raised the question of venue—that is, that the suit was not commenced in the proper county. In Holcomb v. Williams, Tex.Civ. App., 194 S.W. 631, 632, Aviation Credit Corp. v. University, etc., Corp., Tex.Civ. App., 59 S.W.2d 870, and in Kountze v. Smith, Tex.Civ.App., 97 S.W.2d 737, the rule was announced that only inhabitants of the State may avail themselves of the remedy provided in the statute above mentioned, and in Knoles v. Clark, 163 S.W. 369, Chief Justice Rainey of this court said that, such a plea by a non-resident was a sufficient plea of privilege to be sued in the county where the land was located; in other words, the effect being simply to raise the question that the suit had not been commenced in the proper county. We overrule this contention of appellant.

■ However, we think a conclusive answer to the appeal and all assignments and propositions urged by appellant is that, in the litigation she can occupy no better or other position than that occupied by defendant, T. H. P. Duncan, of whose estate she is sole heir. She was brought into the case in that capacity, as authorized by Art. 2080, R.S., providing that: "Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit, and upon the return of such service, the suit shall proceed against such administrator or executor or heir". As heretofore shown, the purpose of the suit was to partition the leasehold estate, being 6/8ths of the mineral, oil, gas, etc., in and under 20 acres of land located in Gregg County, in which T. H. P. Duncan, defendant, owned an undivided interest. He was properly cited and answered, hence was in court and, as to

him, the question of venue had been settled long before his death. No relief is sought against appellant other than the relief sought against her predecessor in title —that is, the partition of the leasehold estate, no other property being involved.

Finding no error in the judgment of the trial court, it is affirmed.

Affirmed.