**BRADSHAW et ux. v. PEACOCK et ux.**

**No. 6185.**

Court of Civil Appeals of Texas. Texarkana.
Nov. 21, 1945.

Rehearing Denied Dec. 6, 1945.

Lewis & Chandler, of Jacksonville, for appellants.

Norman, Stone & Norman, of Jacksonville, and Shook &. Shook, of Dallas, for appellees.

HALL, Chief Justice.

In September, 1941, G. E. Peacock, Sr., was granted a divorce from his wife, Beulah Maxine Peacock, and in the same suit the custody of their minor son, George Eugene Peacock, Jr., age 14 months, was awarded to the wife. Shortly thereafter appellee, G. E. Peacock, Sr., enlisted in the Medical Department of the United States Army and was sent overseas. He has served continuously in the army since his enlistment. At the time of his entry into the army he was a resident of the City of Jacksonville, Cherokee County, Texas, and had practiced medicine there for some

time. Beulah Maxine Peacock died about June 3, 1944, leaving the minor without a legal custodian. On September 26, 1944, Ammon Bradshaw and wife, Gladys Bradshaw, appellants, here, father and mother of Beulah Maxine Peacock, and grandfather and grandmother of the minor, filed an application in the District Court of Cherokee County, praying that the custody of the child be awarded to them. And on said date without notice of any character to G. E. Peacock, Sr., the father, the custody of said minor was awarded to them. Sometime after G. E. Peacock, Sr., obtained the divorce from his wife, Beulah Maxine Peacock, and before September 26, 1944, he married appellee, Pauline M. Peacock. This action was instituted by appellees G. E. Peacock, Sr., and his present wife, Pauline, against appellants to (1) set aside the order dated September 26, 1944, awarding the custody of said minor to appellants for the reason that said order was void, being entered without any notice previously given to appellee, G. E. Peacock, Sr.; (2) for the custody of said minor; (3) for temporary restraining order to prevent appellants removing said minor from the state; and (4) for a writ of habeas corpus.

A hearing before the court resulted in a judgment setting aside the order of September 26, 1944, which awarded the minor to appellants; awarded the custody of the minor to appellees, and ordered the appellants to deliver the minor to appellee, Pauline Peacock, wife of G. E. Peacock, Sr., and step-mother of the minor "in her own right and as agent and attorney in fact for appellee, G. E. Peacock, Sr., who is stationed in India in the Army of the United States."

On the date of the trial and the entry of the judgment below appellants were residing in the State of Arizona and were not present in court. This suit was filed on January 12, 1945, and appellants received notice by telegram of its pendency on January 18, 1945,—the telegram being delivered to them in Hot Springs, New Mexico, a short distance from El Paso, Texas. Nonresident notices were served on appellants, Gladys Bradshaw and Ammon Bradshaw, in Phoenix, Arizona, on March 14, and 23, respectively. On April 5, 1945, appellants each filed a separate plea of privilege in the following form:

"Now comes defendant (stating name) in the above entitled and numbered cause, having been heretofore served in the State of Arizona, and County of Maricopa, with citation to appear herein, and files, this, his plea of privilege, showing to the court as grounds therefor the following:

"(1) This defendant, the party claiming such privilege, was not at the institution of such suit, nor at the time of the service of process thereon, nor was, nor is, he at the time of the filing of such plea, a resident of Cherokee County, Texas, the county in which such suit was instituted.

"(2) The County and State of the residence of this defendant at the time of such plea, including the time of the filing of same, is Maricopa County, Arizona.

"(3) No exception to exclusive venue in the County of one's residence provided by law, exists in said cause.

"Wherefore, premises considered, this defendant prays the Court to sustain this plea of privilege."

To the pleas of privilege appellees addressed several exceptions, among which was the following: "Plaintiffs and movants specially except to said separate purported pleas of privilege and each of them for the reason that they were filed by persons who by their own verified allegations contained in said instruments are residents and citizens of the State of Arizona and domiciled in Maricopa County therein, and said persons are not entitled to invoke the privileges of Article 1995, Revised Civil Statutes of Texas, 1925, nor the rules of civil procedure of Texas for the purpose of pleading their privilege to be sued in any County of Texas other than Cherokee County."

The demurrers were sustained by the trial court.

By their first point, appellants contend that the trial court erred "in sustaining exceptions to defendants' pleas of privilege and dismissing such pleas of privilege without controverting affidavits being filed." In their pleas of privilege appellants aver that their residence is in Maricopa County, State of Arizona. It is now a general rule of construction in this state that R.S. Art. 1995 has application only to inhabitants of this State, Holcomb v. Williams, Tex.Civ.App., 194 S.W. 631; Aviation Credit Corp. of New York v. University Aerial Service Corporation, Tex.Civ.App., 59 S.W.2d 870; Kountze v. Smith, Tex.Civ.App., 97 S.W.2d 737; Duncan v. Glasscock, Tex.Civ.App., 118 S.W.2d

658. The pleas of privilege presented such vice as upon their face and were vulnerable to appellants' exception. Dominion Oil Co. v. Duggan, Tex.Civ.App., 276 S.W. 953; Duncan v. Glascock, supra; Yates v. State, Tex.Civ.App., 3 S.W.2d 114; Humble Pipe Line Co. v. Kincaid, Tex.Civ. App., 19 S.W.2d 114, writ refused; 43 T.J., Sec. 101, p. 833. Clearly appellants, being inhabitants of Arizona, as shown by their sworn pleas, were not entitled to the benefits of R.S. Art. 1995.

The record reflects that the trial court did not dismiss or strike the pleas of privilege, but found that they were insufficient as such. Appellants' point one is overruled.

■■■ Appellants' point No. 2 is: "Error of the trial court in entering judgment in personam against defendants (appellants) after the court had found defendants to be non-residents of the State of Texas." Unquestionably on the date of service of notice on appellants, as well as on the date the judgment was entered against them, they were residing in the State of Arizona and the notice served upon them standing alone would not be sufficient basis for a personal judgment against them. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; York v. State, 73 Tex. 651, 11 S.W. 869; Hicks v. Sias, Tex.Civ. App., 102 S.W.2d 460. But it is the contention of appellees that appellants entered their appearance in the case by filing their pleas of privilege. With this contention we agree. The trial court concluded as a matter of law that "the purported pleas of privilege of Ammon Bradshaw, Sr., and wife, Gladys Bradshaw, were insufficient as pleas of privilege; that no person making oath that they reside outside the State of Texas is entitled to plead their privilege to be sued in another county in Texas or in some other county of some other State; that such purported pleas of privilege should be and the same are disregarded except as to the appearances made thereby." It is now the law of this State that an appearance by defendant to quash citation, challenging the jurisdiction of the court, or the filing of a plea of privilege constitutes an appearance by him for all purposes and gives the court jurisdiction of his person. York v. State, supra; Texas Employers Insurance Association v. Evans, Tex.Civ.App., 2 S.W.2d 566; Croan v. McKinney, Tex.Civ.App., 185 S.W.2d 768,

affirmed Sup., 188 S.W.2d 144. And this is true even though he be a resident of another state. The questions here presented by this point are: Did the trial court under the appearance entered by appellants by filing their pleas of privilege, empower the court (1) to set aside the order of September 26, 1944, awarding the custody of the minor to appellants without notice of G. E. Peacock, Sr.; and (2) to award the custody of the minor, who was residing in the State of Arizona at the time, to appellees? To the first question we think the answer should be in the affirmative. The appellants voluntarily entered their appearance in the very court which had entered the order on September 26, 1944, and certainly that court with all parties to said order appearing, could set said order aside as being void, for want of notice to G. E. Peacock, Sr. R.S. Art. 4639a, Sec. 1; 43 C.J.S., Infants, § 8, page 59. To the second question we think the answer should be in the negative. A proceeding for the custody of a minor child is one in rem and the matter involved and to be determined is the status of the minor child and its custody. Ex parte Armstrong, 169 Or. 320, 128 P.2d 951. The minor on the date of the entry of the judgment below awarding its custody to appellees, being domiciled in the State of Arizona, and admittedly beyond the jurisdiction of the Texas court, rendered said judgment ineffective. Milner v. Gatling, Tex.Com.App., 261 S.W. 1003. (Point adopted.) In the same case (Milner v. Gatling, Tex.Civ. App., 211 S.W. 617, 624) in the dissenting opinion of the late Judge Hodges of this court, expressly approved by the Supreme Court, we find this very expressive statement: "There is little or no diversity of opinion in respect to the nullity of judgments in rem when the res is not within the jurisdiction of the court at the time it assumed to act"; citing many authorities. Therefore we have concluded that the trial court was correct in setting aside the order of September 26, 1944, as being void but committed error in awarding the custody of the minor child, located at the time in the State of Arizona, to the appellees.

We have examined all other points advanced by appellants. They are without merit and overruled.

The judgment is affirmed in part and in part reversed and remanded.