G. E. PEACOCK, SR., ET AL V. AMMON BRADSHAW, SR. ET AL.

No. A-802. Decided May 1, 1946.
Rehearing overruled June 5, 1946.
(194 S. W., 2d Series, 551.)

70

*Norman, Stone & Norman,* of Jacksonville, and *Rusk,* and *Shook & Shook,* of Dallas, for petitioners.

The Court of Civil Appeals was in error in holding that George Eugene Peacock, Jr., the minor child, was not subject to the jurisdiction of the Texas courts, and in reversing the judgment of the trial court which awarded the custody of said minor to his father, because at all times from the filing of this suit to the entering of the judgment, the respondents herein were citizens of Texas and amendable to the jurisdiction of its courts. Traylor v. Lide, 7 S. W. 58; Martin v. Burns, 80 Texas 676, 16 S. W. 1072; Fernandez v. Casey, 77 Texas 452, 14 S. W. 149.

*Lewis & Chandler,* of Jacksonville, for respondents.

As the respondents and the minor child were not residents of Texas at the time of the filing of this suit, or since, and their plea of privilege having been overruled by exception, they were beyond the jurisdiction of the Texas courts which rendered the

judgment ineffective. Aviation Credit Corp. v. University Aerial Service Corp., 59 S. W. (2d) 870; Commander v. Bryan, 123 S. W. (2d) 1008; Fraley v. Martin, 168 S. W. (2d) 536.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This is a suit for the custody of a child, about five years old, brought by petitioners, his father, joined by the second wife, against respondents, the child's maternal grandparents. The trial court rendered judgment April 7, 1945, in favor of petitioners, after holding void and setting aside an order of the court made September 26, 1944, that had awarded the custody of the child to respondents. The Court of Civil Appeals affirmed that part of the trial court's judgment that set aside the order of September 26, 1944, and reversed the judgment in so far as it awarded the custody of the child to petitioners and in that respect remanded the cause for new trial. 191 S. W. (2d) 698.

Petitioner G. E. Peacock, Sr., and his first wife were divorced by decree of the district court of Cherokee County entered September 6, 1941, and custody of the minor child was by the decree awarded to the mother. Thereafter and until the mother's death on June 3, 1944, the child and his mother lived in respondents' home, and after the mother's death respondents kept the child in their possession and cared for him. Petitioner, the child's father, entered the United States Army during the year 1941, and since that time and until the rendition of the judgment herein he has continuously served in the United States Army as a medical doctor. He was a resident of Cherokee County, Texas, and was a practicing physician there when he entered the army. The decree of divorce required petitioner G. E. Peacock, Sr., to make monthly payments for the support of his minor child, and to keep an insurance policy in effect for the minor's benefit by the payment of premiums. The monthly payments for the child's support have been made and the premiums on the insurance policy have been paid by an allotment from petitioner's army pay to and including the month of March, 1945.

On September 26, 1944, respondents, the maternal grandparents of the child, filed a petition in the district court of Cherokee County praying that the court award to them the custody of the minor child and that petitioner G. E. Peacock, Sr., be ordered to continue to make the monthly payments for the support of the child and to pay the premiums on the policy of insurance, and that respondents be authorized to expend the monthly payments for the support of the child. On the day the

petition was filed, and without the issuance of any notice or other process and without the knowledge of petitioner, G. E. Peacock, Sr., the court made an order in accordance with the prayer of respondents' petition.

After the filing of the petition herein by G. E. Peacock, Sr., and his second wife, on January 18, 1945, respondents were served in Maricopa County, Arizona, with copies of the petition, and nonresident notices on March 14 and March 23, 1945. Respondents filed herein, on April 5, 1945, pleas of privilege alleging that they were not residents of Cherokee County, Texas, but were residents of Maricopa County, Arizona, and that no exception to exclusive venue in the county of one's residence provided by law existed in the cause. The trial court sustained petitioner's exceptions to the pleas of privilege. Respondents made no further appearance, and the trial court, after hearing the pleadings, the evidence and the argument, rendered judgment for petitioners, as has been stated.

Full findings of fact were made and filed. The findings, after setting out the facts that have been stated above, contain statements of material facts found as follows: The order of September 26, 1944, awarding the custody of the child to respondents was improvidently entered, was made without any notice, actual or constructive, to petitioner, the father of the child, and was of no force or effect against petitioner. Respondents were notified by telegrams of the filing of the petition herein and the issuance of the restraining order and writ of habeas corpus. The telegrams were sent to respondents' address in El Paso, Texas, and were delivered to them at Hot Springs, New Mexico, a short distance from El Paso, on January 18 and 19, 1945. When respondents filed their petition in the district court of Cherokee County, on September 26, 1944, they were residents of El Paso, Texas. At the time of the filing of the proceedings herein by petitioners and the issuance of the various processes and writs herein, respondents were not residents of Phoenix, Maricopa County, Arizona. Respondents did not appear on January 29, 1945, the first date set for hearing herein, nor on March 14, 1945, the second date. They removed the minor child to the state of Arizona after they had actual notice of all of said proceedings. The pleas of privilege filed herein by respondents on April 5, 1945, were wholly insufficient as such, but contained an appearance and invoked the jurisdiction of the court over the persons filing the same. The evidence conclusively shows that petitioner G. E. Peacock, Sr., is a fit and proper person to have the custody of his child. Petitioner Pauline M. Peacock,

wife of G. E. Peacock, Sr., has been instructed by him to act for him in securing the awarding of the care and custody of the child and in caring for the child in his absence, and she is a proper person to have the care and custody of the child. Conclusions of law made and filed by the trial court support the judgment rendered by that court in favor of petitioners.

After careful examination of the record, the briefs and the authorities, we have reached the conclusion that the Court of Civil Appeals made correct disposition of the contentions made by respondents, who were appellants in that court, except in its assumption that when the trial court's judgment was rendered the child was domiciled in the state of Arizona, and in its ruling, based on that assumption, that the judgment awarding the custody of the child to petitioners was ineffective.

■ The plea of privilege filed herein by respondents were in the form prescribed by Article 2007 of the Revised Civil Statutes, but they did not allege that the parties filing them were residents or inhabitants of any county in the State of Texas. On the contrary, the pleas alleged that "the countiy and state of the residence of this defendant * * * is Maricopa County, Arizona." The pleas were insufficient. Revised Civil Statutes, Article 1995; Kountze v. Smith, 97 S. W. (2d) 737; Holcomb v. Williams, 194 S. W. 631; Duncan v. Glasscock, 118 S. W. (2d) 658. Respondents' brief in the Court of Civil Appeals seems to argue that they may have had two places of residence, one in Arizona and one in El Paso County, Texas, and that the pleas might be sufficient as pleading the privilege of being sued in El Paso County. If the pleas were intended to claim that privilege, they should have stated, as Article 2007 requires, that the defendants resided in El Paso County, so that if the pleas were sustained the cause could be transferred to that county. As drawn and filed the pleas seem to claim the privilege of being sued in Maricopa County, Arizona, and to seek the transfer of the cause to that county in Arizona. Since the insufficiency of the pleas of privilege appeared on their face, they were properly tested by exception and controverting affidavits were unnecessary. Yates v. State, 3 S. W. (2d) 114; Duncan v. Glasscock, 118 S. W. (2d) 658.

■ We approve also the decision of the Court of Civil Appeals that the filing of the pleas of privilege by respondents constituted appearances in the cause and subjected their persons to the jurisdiction of the court as fully as would the issuance of proper

citation and its proper services within this state. York v. State, 73 Texas 651, 11 S. W. 869; Spivey v. Saner-Ragley Lumber Co., (Com. App.) 284 S. W. 210; Texas Employers' Ins. Ass'n. v. Evans, 2 S. W. (2d) 566; Banco Minero v. Ross & Masterson, 106 Texas 522, 533, 172 S. W. 711; State v. Standard Oil Co., 130 Texas 313, 333, 107 S. W. (2d) 550; Davis v. Battles, 143 Texas 378, 186 S. W. (2d) 60; Croan v. McKinney, 185 S. W. (2d) 768, 771, affirmed, McKinney v. Croan, 144 Texas 9, 188 S. W. (2d) 144.

■ The Court of Civil Appeals correctly held that the order entered September 26, 1944, awarding custody of the child to respondents, without the issuance of any notice or other process and without the knowledge of petitioner G. E. Peacock, Sr., was as to him void, and did not affect his right to the custody of his child. Section 1, Chapter 39, Acts Regular Session, 44th Legislature, p. 112, Article 4639a Vernon's Annotated Civil Statutes; 43 C. J. S. p. 59, sec. 8.

The Court of Civil Appeals stated in its opinion that the minor, on the date of the rendition of the judgment herein by the district court, was domiciled in the state of Arizona, and concluded that because the child was then domiciled in that state the district court of Cherokee County was without jurisdiction to render judgment awarding custody of the child.

■ The general rule is that a minor, because he is not sui juris, can neither select nor change his domicile. It is fixed by law. The domicile of his father at the time of his birth is assigned to him. His domicile follows that of his father as it changes, and is referred to that domicile without regard to the actual facts as to residence. Trammell v. Trammell, 20 Texas 407; Gulf, C. & S. F. Ry. Co. v. Lemons, 109 Texas 244, 248, 206 S. W. 75, 5 A. L. R. 943; Lamar v. Micou, 112 U. S. 542, 28 L. Ed. 751; Stumberg's Conflict of Laws, pp. 38, 43; Beale's Conflict of Laws, Vol. 1, p. 210, sec. 30.1; Restatement of the Law of Conflict of Laws, p. 30, sec. 14, pp. 55-56, sec. 30.

■ There being no statement of facts, we look, for the facts as to the child's domicile, to the trial court's findings of fact, which we must assume are supported by evidence. There is no finding that the child was domiciled in Arizona; and if we were to assume that his domicile followed that of respondents, his grandparents, there is no finding that they were domiciled in Arizona or elsewhere than in Texas at the time when this cause was

tried in the district court and the judgment rendered. The trial court found that on September 26, 1944, respondents resided in El Paso County, Texas; that when these proceedings were filed and processes and writs issued herein, which was on January 18 and March 3, 1945, respondents were not residents of Phoenix, Maricopa County, Arizona; that telegrams addressed to respondents at El Paso and notifying them of the filing of these proceedings were delivered to them on January 18 and 19, 1945, in Hot Springs, New Mexico, a short distance from El Paso; and that they removed the child to the state of Arizona, where they were later served with notices, after they had actual notice of the said proceedings. The facts found indicate that respondents were domiciled in Texas at about the time this suit was filed, or a very short time before it was filed; and no facts are found showing that they ever established domicile either in New Mexico or in Arizona. "A domicile which has once attached is retained until a new domicile is attained." Stumberg's Conflict of Laws, p. 32; Re Jones, 192 Iowa 78, 182 N. W. 227, 16 A. L. R. 1286; Restatement of the Law of Conflict of Laws, p. 47, sec. 23; 17 Am. Jur. pp. 602-603, sec. 18. Before a change of domicile of an adult can be effected there must exist both the fact of personal presence in the new place and the intention to make that new place a home. Beale's Conflict of Laws, Vol. 1, pp. 132-134, sec. 15.2 and cases cited; Restatement of the Law of Conflict of Laws, pp. 36-40, sec. 18-20; 17 Am. Jur. p. 604, sec. 22; 28 C. J. S. pp. 15-16, sec. 11. Respondents were personally present in Arizona when the notices of this suit were served on them, but no facts are found by the trial court from which the inference can be drawn that they had formed then, or when the judgment herein was rendered, a definite intention of making their home there.

■ It is our opinion, however, that the domicile of the child involved in this csae is the domicile of petitioner, his father. The decree of divorce made the child's mother his lawful custodian and while she lived her domicile was the child's domicile. White v. Bickford, 146 Tenn. 608, 244 S. W. 49, 26 A. L. R. 129, 131; 17 Am. Jur. p. 627, sec. 59. Article 4118 of the Revised Civil Statutes of 1925 provides: "If the parents live together, the father is the natural guardian of the person of the minor children by the marriage. If one parent is dead, the survivor is the natural guardian of the person of the minor children." Immediately upon the mother's death the right of petitioner, the child's father and natural guardian, to the custody of his child was

revived. This is true notwithstanding the decree of divorce which had awarded the child's custody to the mother. Castor v. Castellanos (Com. App.) 294 S. W. 525; Branford v. Lincoln Bank & Trust Co., 96 S. W. (2d) 821; Hall v. Whipple, 145 S. W. 308; Leclerc v. Leclerc, 85 N. H. 121, 155 Atl. 249, 74 A. L. R. 1348, and note pp. 1352-1357; Barry v. Sparks 306 Mass. 80, 27 N. E. (2d) 728, 128 A. L. R. 983, and note pp. 989-993.

It follows that when the mother died the child's domicile automatically became that of the father. It was necessary that the law assign a domicile to the child, who could not select his own domicile. And the same reasons existed for referring the domicile of the child to that of the father that made the child's domicile at his birth that of the father. The father had again become the child's natural guardian. As said by Mr. Beale, there should be identity of the domicile of the father and the minor child, because that identity is consistent with the relation of parent and child "and is inescapably connected with their mutual legal obligations, namely, the parental government of the child and the discharge of all the father's duties on the one hand and the rendition on the other hand of the services which the child owes the father." Beale's Conflict of Laws, Vol. 1, p. 210, sec. 30.1.

The conclusion expressed in the preceding paragraph is supported by two convincing opinions: Re Skinner, 230 Iowa 1016, 300 N. W. 1, 136 A. L. R. 907, and In Re Thorne, 240 N. Y. 448, 148 N. E. 630, and by other authorities discussed in the note following the Skinner case, 136 A. L. R. pp. 914-917. The note contains this statement:

"Although relatively little authority has been found on this point, such as there is supports the view that upon the death of a parent to whom the custody of a child has been awarded by a decree of divorce the child takes the domicile of the surviving parent." 136 A. L. R. p. 915.

See also Beale's Conflict of Laws, Vol. 1, p. 216, sec. 32.1.

■ The domicile of petitioner, the child's father, was and is in the State of Texas. It was not changed by his entry into the army. Commercial Credit Corp. v. Smith, 143 Texas 612, 617, 187 S. W. (2d) 363; Therwhanger v. Therwhanger, 175 S. W. (2d) 704. Since the minor's domicile, being the same as that of his father, was in the State of Texas, the district court of Cherokee County, Texas, had jurisdiction to determine the question of

custody, even though the child was absent from the state of his domicile when the case was tried. Lanning v. Gregory, 100 Texas 310, 99 S. W. 542; Milner v. Gatlin (Com. App.) 261 S. W. 1003; Callahan v. Callahan, 296 Ky. 444, 177 S. W. (2d) 565; In Re Thorne, 240 N. Y. 444, 148 N. E. 630; Beale's Conflict of Laws, Vol. 2 pp. 717-718, sec. 144.3; Restatement of the Law of Conflict of Laws, pp. 177-178, sec. 117.

Jurisdiction to award custody of a minor child depends upon the domicile of the child, because judgment awarding custody carries with it domicile and domestic status. Beale's Conflict of Laws, Vol. 2, pp. 717-718, Sec. 144-3; Restatement of the Law of Conflict of Laws, pp. 177-178, sec. 117; Milner v. Gatlin, (Com. App.) 261 S. W. 1003, 1005. A suit for the custody of a child has been referred to as an action in rem. But the res is not the child itself, its physical being; it is the status of the child. In this case the district court had jurisdiction over the status of the child because the child's domicile was in Texas.

The court's judgment herein cannot be enforced by its process while the child and respondents are in another state, but it is a valid judgment which should be, and doubtless will be, recognized by the courts of other states. Wilson v. Elliott, 96 Texas 472, 73 S. W. 946; Milliken v. Meyer, 311 U. S. 457, 85 L. Ed. 278; Beale's Conflict of Laws, Vol. 2, p. 719, sec. 147.1; Restatement of the Law of Conflict of Laws, p. 178, sec. 117.

The judgment of the Court of Civil Appeals, is so far as it reverses the district court's judgment, is reversed, and the judgment of the district court is affirmed.

Opinion delivered May 1, 1946.

Rehearing overruled June 5, 1946.