

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 9, 1965

Hon. R. Wright Armstrong
Chairman, Board of Directors
Texas Technological College
5803 El Campo Terrace
Fort Worth, Texas 76107

Opinion No. C-540

Re: Whether, under the facts
submitted, a student is
properly classified as
"resident" or "non-resi-
dent" for tuition purposes
under Article 2654b, Ver-
non's Civil Statutes.

Dear Mr. Armstrong:

You have requested the opinion of this office on the
above question. In this connection, you have furnished us
with the following facts:

> The student in question is a school teacher,
> having taught school in the State of Texas
> for six (6) years. Last year, she went to
> Germany to teach in a service school and for
> the purpose of touring Germany, all as part
> of her further education as a teacher. She
> was out of the State of Texas on this tem-
> porary tour ten (10) months. She returned
> to Lamesa, Texas, on July 2, 1965. She
> registered at Texas Technological College
> on September 14, 1965, and was ruled to be
> a non-resident for the purpose of paying
> tuition rates as provided in Article 2654c,
> Vernon's Civil Statutes.

> The student has lived in Texas during her
> entire life and for the past 28 years has
> been a resident of Dawson County, Texas.
> She is a qualified voter of Dawson County,
> Texas, and voted in that county last year
> as an absentee voter.

The following pertinent portions of Article 2654c,
Vernon's Civil Statutes are quoted:

"Section 1(e). The term 'residence' as
used in this Act means 'domicile'; the term
'resided in' means 'domiciled in'; provided,
the Governing Board of each institution re-
quired under this Act to charge a nonresident
registration fee is hereby authorized and
directed to follow such rules, regulations
and interpretations as are issued by the
Commission on Higher Education for the effec-
tive and uniform administration of the non-
resident tuition provisions of this Act.
Any such rules, regulations, and interpreta-
tions as may be issued by said Commission
shall also be furnished to the presidents or
executive heads of public junior colleges in
this state. For the purposes of this Act,
the status of a student as a 'resident' or
'non-resident' student, is to be determined
as follows:

(1) A nonresident student is hereby de-
fined to be a student of less than twenty-one
(21) years of age. . .; or a student of twenty-
one (21) years of age or over who resides out
of the state or who has not been a resident of
the state twelve (12) months immediately preceding
the date of registration." (Emphasis supplied)

The Texas Commission on Higher Education has issued
its rules and regulations interpreting the non-resident tuition
provisions of the above-quoted statute. These rules do not,
however, provide any real assistance in the determination of the
question before us. We must, therefore, turn to other sources
for our solution.

The term "domicile" may have a variety of significations,
dependent on its various applications. "What has been said to
be the most comprehensive and correct definition which could be
given is that, in a strict legal sense, the domicile of a person
is the place where he has his true, fixed, permanent home and
principal establishment, and to which, whenever he is absent, he
has the intention of returning." 28 C.J.S. 3 DOMICILE, § 1.
Also, "temporary residence, even if long, merely for the purpose
of transacting business or of engaging in employment, or for the
sake of health or pleasure, with the intention of returning to
the original home, is not sufficient for the acquisition or
change of domicile." 28 C.J.S. 19, § 11. See also Peacock vs.
Bradshaw, 145 Tex. 68, 194 S.W.2d 551 (1946), wherein it is

stated, at page 555, "A domicile which has once attached is retained until a new domicile is attained. . . .Before a change of domicile of an adult can be effected there must exist both the fact of personal presence in the new place and the intention to make that new place a home."

We turn now to the problem of applying the statutes and legal interpretations to the facts of the case at hand. The student here involved is a native Texan, and under the facts given, her domicile has been in Dawson County, Texas, all her life. Her absence from this State, apparently from September, 1964 to July, 1965, was pursuant to a teaching contract with an armed forces school in Germany, and for the purpose of touring Germany, all as part of her further education as a teacher. During her absence from Texas she paid her poll tax and voted absentee in Dawson County, Texas. Upon the expiration of her teaching contract and tour of Germany, she returned to Dawson County. It is the opinion of this office that the foregoing facts constitute no basis for divesting the student of her established domicile in Texas.

On the basis of the facts submitted by you, it is the opinion of this office that the student in question retained her domicile in Texas and is entitled to be charged resident tuition rates under Article 2654c, Vernon's Civil Statutes.

### S U M M A R Y

When a resident of Texas leaves the State under an armed forces teaching contract, and stays in Germany for the contract period, with the intention of returning to his domicile in Texas, and returns to Texas upon the expiration of his contract, he has not relinquished his domicile in Texas. Such a person, under these facts, is a resident of Texas for purposes of college tuition under Article 2654c, V.C.S.

Very truly yours,

WAGGONER CARR
Attorney General

By: Malcolm L. Quick
Assistant

MLQ:ms:mkh

Hon. R. Wright Armstrong, page 4 (C-540)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Marietta Payne
Wade Anderson
John Reeves
Terry Goodman

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright