**Reversed and Rendered and Opinion Filed April 26, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

No. 05-19-00921-CV
_____

**FLUOR CORPORATION, FLUOR ENTERPRISES, INC.,**
**AND FLUOR DANIEL MEXICO, S.A., Appellants**
**V.**
**E.D.G.M., Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15978**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

In this permissive, interlocutory appeal, Fluor Corporation, Fluor Enterprises, Inc., and Fluor Daniel Mexico, S.A., (collectively Fluor) appeal the trial court's order denying their motion to strike E.D.G.M.'s petition in intervention and the portion of the trial court's order denying their motion to dismiss with respect to E.D.G.M.'s claims in intervention. Fluor raises two issues arguing the trial court erred: (1) when it denied Fluor's motion to strike E.D.G.M.'s petition in intervention because E.D.G.M. does not have a justiciable interest in the lawsuit; and, in the alternative, (2) when it denied Fluor's motion to dismiss under the doctrine of forum

non conveniens because the Texas-residency exception in § 71.051(e) of the Texas Civil Practice and Remedies Code does not apply to E.D.G.M. [1]  We conclude the trial court erred when it denied Fluor's motion to dismiss with respect to E.D.G.M.'s intervenor claims.  We reverse the portion of the trial court's order denying Fluor's motion to dismiss E.D.G.M.'s claims and render an order dismissing E.D.G.M.'s intervenor claims.

This appeal involves the same facts and similar legal arguments as *Juan Gomez Lopez and Kenia Itzel Valle Mata v. Fluor Corporation, Fluor Enterprises, Inc., and Fluor Daniel Mexico, S.A.*, No. 05-19-00970-CV (Tex. App.—Dallas Apr. 26, 2022, no pet. h.) (mem. op.).  That appeal involves the severed portion of the trial court's order granting Fluor's motion to dismiss with respect to E.D.G.M.'s parents, Juan Gomez Lopez (Lopez) and Kenia Itzel Valle Mata (Mata), the plaintiffs in the underlying suit.  We decide that appeal by a separate opinion also issuing today.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The following facts are based on the parties' pleadings.

---

[1] In the trial court's orders, it noted that resolution of these issues as to E.D.G.M. may "materially advance the ultimate termination of the litigation" and permitted appeals from these interlocutory orders pursuant to Texas Rule of Appellate Procedure 51.014(d).  This Court granted Fluor's petitions for permission to appeal.  TEX. R. APP. P. 28.3.  We also note that the Texas Supreme Court has held that mandamus relief is available because an adequate remedy by appeal does not exist when a trial court erroneously denies a motion to dismiss for forum non conveniens.  *See In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding).

In April 2016, Lopez was working at a chemical plant located in Mexico when he was injured in an explosion. Lopez received substantial medical treatment in Mexico and, in November 2016, he and Mata traveled to Texas, under nonimmigrant visitor visas, so that Lopez could receive treatment from the Burn Unit at the University of Texas Medical Branch in Galveston.

On December 15, 2016, Lopez and Mata filed their original petition alleging claims for negligence and gross negligence relating to the explosion against Fluor in the underlying case. In November 2017, during the pendency of the case and while in Texas, Lopez and Mata had a child, E.D.G.M. Then, in April 2018, E.D.G.M. filed a petition in intervention in the lawsuit.

Fluor filed a renewed motion to strike E.D.G.M.'s petition in intervention. And it filed a motion to dismiss for forum non conveniens both E.D.G.M.'s petition in intervention and Lopez and Mata's lawsuit. After a non-evidentiary hearing,[2] the trial judge signed an order that concluded E.D.G.M. is a "legal resident" under the exception to forum non conveniens in § 71.051(e) of the Texas Civil Practice and Remedies Code and denied Fluor's motion to dismiss with respect to E.D.G.M.'s claims in intervention. Also, the trial court granted Fluor's motion to dismiss with

---

[2] Section 71.051 does not require that the movant prove every statutory factor or that every factor must weigh in favor of dismissal for the movant to be entitled to relief. *See In re Gen. Elec.*, 271 S.W.3d at 687. The statute also does not contain any language placing the burden of proof on a particular party; instead, § 71.051 "simply requires the trial court to consider the factors, and it must do so to the extent the factors apply." *Id.* To the extent evidence is necessary, the trial court must base its decision on the weight of the evidence, and it is entitled to "take into account the presence or absence of evidence as to some issue or position of a party." *Id.*

–3–

respect to Lopez and Mata pursuant to § 71.051(b), implicitly concluding that the exception does not apply to them because they are not "legal residents." In addition, the trial court denied Fluor's renewed motion to strike E.D.G.M.'s petition in intervention. [3]

## II. MOTION TO DISMISS

In issue two, Fluor argues the trial court erred when it denied Fluor's motion to dismiss as to E.D.G.M.'s claims because the Texas-residency exception in § 71.051(e) of the Texas Civil Practice and Remedies Code does not apply to E.D.G.M. Fluor maintains that E.D.G.M., a child, cannot be a legal resident of Texas because her parents are not legal residents of Texas. E.D.G.M. responds that her parents' residency status has no impact on her because she "is a separate human being from [her] parents and possesses [her] own residency status[,] separate from that of [her] parents." She contends that she is a Texas resident and citizen because she was born in the United States, has a U.S. passport, and has not lived anywhere other than the United States.

An appellate court's scope of review in a permissive, interlocutory appeal is limited to the controlling legal questions on which there are substantial grounds for disagreement and the immediate resolution of which may materially advance the ultimate termination of the litigation. *Id.* at 418; *see* TEX. CIV. PRAC. & REM. CODE

---

[3] The trial judge also signed an order granting Fluor's agreed motion to sever E.D.G.M.'s intervenor claims, making the portion of the order granting Fluor's motion to dismiss as to Lopez and Mata a final appealable order.

ANN. § 51.014(d); TEX. R. APP. P. 28.3(e); TEX. R. CIV. P. 168. The trial court's order denying, in part, Fluor's motion to dismiss with respect to E.D.G.M. specified that the controlling legal question was whether E.D.G.M. qualified as a "legal resident" for purposes of the exception in § 71.051(e).[4]

## A. Standard of Review

An appellate court reviews a trial court's forum non conveniens ruling for an abuse of discretion. *See In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 569 (Tex. 2015) (orig. proceeding). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding).

However, the proper construction of a statute presents a question of law, which an appellate court reviews de novo. *See TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016). An appellate court's goal in construing a statute is to give effect to the legislature's intent as expressed in the statute's language. *See id.* A statute's clear and unambiguous language is determinative of the legislature's intent. *See id.* If the statute defines a term, then an appellate court must construe the statute using the definition supplied by the legislature and take into account any technical or particular meaning the words have acquired. *See Harris Cty. Appraisal*

---

[4] Similarly, the trial court's order denying Fluor's renewed motion to strike specified that the issue of "whether a child alleging a cause of action for damages arising from injuries to a parent has a justiciable interest when it is undisputed that the child was born and conceived after the accident that allegedly caused the parent's injury" was also an issue that may materially advance the ultimate termination of the litigation.

*Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 128 (Tex. 2017). If the statute does not supply a statutory definition, then an appellate court must give the term its commonly accepted meaning. *See Hegar v. Gulf Copper & Mfg. Corp.*, 601 S.W.3d 668, 675 (Tex. 2020). Additionally, it is a fundamental principle of statutory construction that a word's meaning cannot be determined in isolation but must be drawn from the context in which it is used. *See id.*

### B. Applicable Law

The equitable doctrine of forum non conveniens provides a trial court with the discretionary authority to decline jurisdiction when another more convenient and suitable forum exists and the convenience of the parties and justice so require. *In re Mahindra, USA, Inc.*, 549 S.W.3d 541, 544 (Tex. 2018) (original proceeding). In Texas, forum non conveniens exists as both a common-law doctrine and a statutory provision. *Id.* Chapter 71 of the Texas Civil Practice and Remedies Code codifies a version of the forum non conveniens doctrine. CIV. PRAC. & REM. § 71.051; *In re Mahindra*, 549 S.W.3d at 543. When the underlying action involves personal injury or wrongful death claims, statutory forum non conveniens applies. *In re Mahindra*, 549 S.W.3d at 544.

The codified version of forum non conveniens contains a Texas-residency exception that excludes certain claims from the doctrine because they are brought by a plaintiff who is a "legal resident" of Texas or a derivative claimant of a legal

–6–

resident.[5] CIV. PRAC. & REM. § 71.051(e); *In re Mahindra*, 549 S.W.3d at 543. The Texas-residency exception ensures access to Texas courts for Texas residents. *In re Bridgestone*, 459 S.W.3d at 569. When the Texas-residency exception applies, a plaintiff's claims may not be dismissed on forum non conveniens grounds no matter how tenuous their connection to Texas. *Id.* However, the statute does not define the term "legal resident."[6] *In re Transcontinental Gas Pipeline Co., LLC*, 542 S.W.3d 703, 712 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

The forum non conveniens statute does not place the burden of proof on either party. *In re Mahindra*, 549 S.W.3d at 550; *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 927 (Tex. 2010) (orig. proceeding). To the extent evidence is necessary to support a party's position, the trial court must base its decision on the greater weight of the evidence. *In re Mahindra*, 549 S.W.3d at 550; *In re ENSCO*, 311 S.W.3d at 927.

---

[5] For purposes of determining the Texas-residency exception, subsection (h) of the statute defines "derivative claimant" and "plaintiff." CIV. PRAC. & REM. § 71.051(h); *In re Mahindra*, 549 S.W.3d at 545–46. Ordinarily our review of whether the Texas-residency exception in § 71.051(e) applies would include an analysis of whether E.D.G.M., an intervenor, was a "plaintiff" for purposes of the exception. However, we address only the issue of whether E.D.G.M. qualifies as a "legal resident" because this is a permissive appeal and that was identified by the trial court as the controlling issue.

[6] When first enacted in 1993, the statute defined a "legal resident" as:

> an individual who intends the specified political subdivision to be his permanent residence and who intends to return to the specified political subdivision despite temporary residence elsewhere or despite temporary absences, without regard to the individual's country of citizenship or national origin. The term does not include an individual who adopts a residence in the specified political subdivision in bad faith for purposes of avoiding the application of this section.

Act of Feb. 23, 1993, 73d Leg., R.S., ch. 4, § 1, 1993 Tex. Gen. Laws 10, 12, *amended by* Act of May 22, 2015, 84th Leg., R.S., ch. 537, § 1, 2015 Tex. Gen. Laws 1918, 1918 (current version at CIV. PRAC. & REM. § 71.051(h)). However, the definition of "legal resident" was deleted from the statute when it was amended in 2015. *Id.*

## C. Application of the Law to the Facts

The parties dispute the meaning and application of the term "legal resident" in § 71.051(e), and the forum non conveniens statute does not define that term. Therefore, the common, ordinary meaning of the term applies unless a contrary meaning is apparent from the statute's language or the common meaning would lead to absurd or nonsensical results. *Harris Cty. Appraisal Dist.*, 519 S.W.3d at 121–22 (citing TEX. GOV'T CODE ANN. § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.")). When ascertaining the meaning of a statute's undefined terms, appellate courts typically look first to their dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities. *Id.* at 129.

*Black's Law Dictionary* defines "legal" as: (1) "[o]f, relating to, or involving law generally; falling within the province of the law"; (2) "[e]stablished, required or permitted by law"; and (3) "[o]f, relating to, or involving law as opposed to equity." *Legal*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Resident" is defined as: (1) "[s]omeone who lives permanently in a particular place; specif[ically], a person who has established a domicile in a given jurisdiction"; and (2) "[s]omeone who has a home in a particular place." *Resident*, BLACK'S LAW DICTIONARY (11th ed. 2019). For the second definition of "resident," it notes that "a resident is not necessarily either a citizen or a domiciliary." *Id.*

–8–

For the term "legal residence," *Black's Law Dictionary* cross-references to the term "domicile." *Legal Residence*, BLACK'S LAW DICTIONARY (11th ed. 2019). The second sense of the term "domicile" is acknowledged as also being termed "legal residence" and is defined as "[t]he residence of a person or corporation for legal purposes." *Domicile*, BLACK'S LAW DICTIONARY (11th ed. 2019). That definition also refers to the term "residence," which is defined, in part, as: (1) "[t]he act or fact of living in a given place for some time"; and (2) "[t]he place where one actually lives, as distinguished from a domicile." *Residence*, BLACK'S LAW DICTIONARY (11th ed. 2019). It notes that "*residence* usu[ally] just means bodily presence as an inhabitant in a given place [but] *domicile* usu[ally] requires bodily presence plus an intention to make the place one's home" and states that "[a] person may have more than one residence at a time but only one domicile [but] [s]ometimes. . . the two terms are used synonymously." *Id.*; *see also* 31A TEX. JUR. 3D *Domicile* § 4 (Oct. 2021) (domicile and residence are not synonymous—person may have domicile or legal residence in one place and actual residence in another). We conclude the term "legal resident" in § 71.051(e) refers to a person's "domicile" or "legal residence," not her "residence."

It is undisputed that E.D.G.M. is a minor child born in Texas, she lives with her parents, and she has never been to Mexico. The domicile or legal residence of a minor child is fixed by law. *See Peacock v. Bradshaw*, 194 S.W2d 551, 554 (Tex. 1946). The general rule is that a minor cannot select or change her domicile. *See*

*id.* A minor has the same domicile as the parent with whom the minor lives. *See id.* (domicile of child's parents is assigned to child at birth and follows that of parents as it changes without regard to actual residence); TEX. FAM. CODE ANN. § 103.001(c) (child resides in county where child's parents reside); *see also* RESTATEMENT (SECOND) CONFLICT OF LAWS §§ 2.04 (Domicile of Origin—when minor's parents are away from their domiciles at time of minor's birth, minor's domicile of origin may be place where minor has never been), 2.05 (Domicile of Minors—minor has same domicile as parents with whom minor lives) (AM. LAW INST., Tentative Draft No. 1, Apr. 21, 2020). However, while a person's immigration status may be considered when determining a person's intent regarding their domicile, it is not dispositive. *See Fernandez v. Bustamante*, 305 S.W.3d 333, 343–44 (Tex. App.—Houston [14th Dist.] 2010, no pet.). If a minor whose claims are being prosecuted is not a legal resident of Texas, her right of access to Texas courts does not trump a defendant's right to dismissal for forum non conveniens. *See In re Bridgestone*, 459 S.W.3d at 573. Accordingly, we conclude that E.D.G.M.'s "domicile" or "legal residence" is with her parents and, for purposes of § 71.051(e), she is a "legal resident" of Texas only if the parents with whom she resides are "legal residents" of Texas. And we conclude in *Juan Gomez Lopez and Kenia Itzel Valle Mata v. Fluor Corporation, Fluor Enterprises, Inc., and Fluor Daniel Mexico, S.A.*, No. 05-19-00970-CV that the trial court did not err when it implicitly concluded E.D.G.M.'s parents, Lopez and Mata, are not "legal residents" of Texas.

–10–

Accordingly, we conclude the trial court erred when it concluded that E.D.G.M. was a "legal resident" and that the Texas-residency exception applied to her intervenor claims. Issue two is decided in favor of Fluor.

Based on our resolution of issue two, we need not decide issue one.

### III. CONLCUSION

We conclude the trial court erred when it denied Fluor's motion to dismiss with respect to E.D.G.M.'s intervenor claims.

The portion of the trial court's order denying Fluor's motion to dismiss E.D.G.M.'s intervenor claims is reversed.

Because we conclude that E.D.G.M.'s parents are not legal residents under § 71.051(e) of the Texas Civil Practice and Remedies Code in our opinion of this date in *Juan Gomez Lopez and Kenia Itzel Valle Mata v. Fluor Corporation, Fluor Enterprises, Inc., and Fluor Daniel Mexico, S.A.*, No. 05-19-00970-CV and the trial court did not err when it granted Fluor's motion to dismiss their claims for forum non conveniens, we render an order granting Fluor's motion to dismiss for forum non conveniens with respect to E.D.G.M.'s intervenor claims.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

190921f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FLUOR CORPORATION, FLUOR
ENTERPRISES, INC., AND FLUOR
DANIEL MEXICO, S.A., Appellants

No. 05-19-00921-CV    V.

E.D.G.M., Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-15978.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellants FLUOR CORPORATION, FLUOR ENTERPRISES, INC., AND FLUOR DANIEL MEXICO, S.A.'s motion to dismiss appellee E.D.G.M.'s claims in intervention is **REVERSED** and an order is **RENDERED** that:

Grants appellants FLUOR CORPORATION, FLUOR ENTERPRISES, INC., AND FLUOR DANIEL MEXICO, S.A.'s motion to dismiss for forum non conveniens with respect to appellee E.D.G.M.'s claims in intervention.

It is **ORDERED** that appellants FLUOR CORPORATION, FLUOR ENTERPRISES, INC., AND FLUOR DANIEL MEXICO, S.A. recover their costs of this appeal from appellee E.D.G.M..

Judgment entered this 26th day of April, 2022.