## THOMAS v. THOMAS.

### No. 15125.

Court of Civil Appeals of Texas. Fort Worth.

March 17, 1950.

Rehearing Denied April 4, 1950.

Carl Mays, Dallas, Simon, Wynn, Sanders & Jones and Kenneth H. Jones, Fort Worth, for appellant.

Bonney, Paxton & Wade and J. B. Look, Jr., Dallas, for appellee.

HALL, Justice.

Appellee Ruth Thomas sued appellant Robert Thomas, her former husband, in the

Dallas County Juvenile Court, seeking a writ of habeas corpus against appellant to obtain possession of their adopted minor child, Stephen Robert Thomas, six years of age.

The decree of divorce was entered by a district court of Tarrant County on November 17, 1945, wherein appellee received custody of the child along with appellant as follows: "* * * (the court) being of the opinion that the best interest of said child will be served at this time if said child is given into the custody of the plaintiff (appellee), with the understanding that said defendant (appellant) is to have said child on weekends and during the summer vacations so long as such arrangement does not interfere with the health and welfare of said minor child. * * *"

Undisputed evidence in the case shows in November, 1948, appellant was notified by a Mr. Jackson, who was renting a room from appellee Ruth Thomas at her home in Dallas, that appellee Ruth Thomas was ill and was a patient in Baylor Hospital, and advised him to see after his child in question. When appellant arrived at the home of appellee, among other people, he saw appellee's brother, E. T. Wheeless and wife, who assisted him in preparing the boy's clothing in order that appellant might bring him to his home in Tarrant County and take care of him.

The undisputed evidence further shows appellee was adjudged a person of unsound mind and on December 14, 1948, her brother, Edwin Thomas Wheeless, was appointed guardian of her person and estate in the county court of Dallas County, Texas; she was adjudged to be a person of sound mind on June 14, 1949.

Appellee brought this action on September 8, 1949, and a revised writ of habeas corpus was issued on September 10, 1949, a portion of such writ of habeas corpus being as follows: "* * * it is alleged that you, the said Robert Thomas, hold in your custody Stephen Robert Thomas, and illegally restrain him of his liberty." Said writ further ordered said Robert Thomas to produce said child and have him before the district court of Dallas County, Texas, on the 13th day of September, 1949.

Appellant Robert Thomas filed his plea of privilege to be sued in Tarrant County, Texas; appellee filed her controverting plea, the pertinent parts of which are as follows: "Petitioner filed herein on the 8th day of September A.D. 1949, a petition which for all purposes is made a part hereof and adopted in full. The allegations of Petitioner are true and correct and such allegations show and aver, and it is a fact, that Petitioner is a lawful custodian of Stephen Robert Thomas, and that Petitioner is domiciled in Dallas County, Texas; that furthermore said Stephen Robert Thomas was taken from her custody without her consent; in removing said child from her custody against her will; said trespass being within the meaning of Exception 9 to Article 1995 of Vernon's Annotated Civil Statutes of 1925."

The principal relief sought in her habeas corpus application is that the child should be returned to her, that he was being illegally confined in Tarrant County, Texas, that she is a suitable person for the custody of said child by virtue of the decree rendered in the divorce case. There is nothing alleged in her application for habeas corpus pertaining to a trespass having been committed by appellant in Dallas County; neither is there any statement in her controverting affidavit to the effect that appellant committed a trespass in Dallas County, Texas, which is necessary in order to maintain venue under subdivision 9 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995.

The court heard the testimony on September 16 1949, when the testimony was closed as follows:

"Mr. Look (attorney for appellee): Plaintiff rests.

"The Court: All closed?

"Mr. Simon (attorney for appellant): Yes sir."

On November 21, 1949, the trial court entered its order overruling appellant's plea of privilege, hence this appeal, consisting of four points.

Points two and three relate to appellant's contention that the trial court erred in overruling his plea of privilege because the

evidence does not reflect that a trespass was committed in Dallas County.

■ To this we agree. As stated supra, neither the petition nor the controverting affidavit alleges a trespass was committed in Dallas County, but assuming that her pleadings did allege such trespass, then the proof was insufficient to support a finding that a trespass had been committed; still assuming, if the evidence was sufficient to support a judgment that a trespass was committed at the time the child was removed from Dallas County to Tarrant County, then, under the undisputed evidence, the day on which appellee was adjudged to be of unsound mind appellant became under the law the legal custodian of his child. In the case of Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, at page 555, our Supreme Court quoted with approval Article 4118, Revised Civil Statutes of 1925, a portion of which is as follows: "'* * * if one parent is dead, the survivor is the natural guardian of the person of the minor children.'"

In 17 Am.Jur., p. 527, sec. 690, we find the following: "In case of the insanity of a parent entitled to the custody of a child, as in the case of death, the right of the surviving parent to the custody of the child is revived and, according to the better and more just rule, is preferred over the rights or claims of strangers, subject of course, in this, as in other respects, to the ever controlling consideration of the child's welfare. So, it has been held that after a mother becomes insane, her parents, who were given temporary custody of her child as agents of the court upon its granting her a divorce against the father, have the (no) right to the continued custody of the child as against the claims of the father." (Pocket supplement of 17 Am.Jur. makes change in the last sentence of said section of "the" to "no," as indicated by our parentheses.)

■ We find the above rule a wholesome one and adopt it, and in applying same here, it reasonably appears that appellant by operation of law became the legal custodian of his child upon his cocustodian's becoming of unsound mind. Therefore, no exception to Article 1995 was available at the time ap-

pellee filed her application in Dallas County for a writ of habeas corpus against appellant. See also Boyd v. Crabb, Tex.Civ. App., 205 S.W.2d 606, 607, wherein this court held: "Venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof. Id. Here, as in the case cited, the principal relief sought is an award of custody of the child to the appellant, and not a recovery of any sort for the commission of the alleged trespass. Also, we fail to find any evidence in the record to support the claim that a trespass was committed. At the time appellee took possession of the child he was the child's legal custodian by reason of the custody award made in the divorce judgment. Whether or not he should be deprived of his rights as legal custodian of the child is a matter which will have to be determined when the case is tried on the merits."

As stated in the case of O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397, 398: "Plaintiff alleged in general terms that defendant had committed a trespass on her possession of the child. She did not, however, allege that she had been actually deprived of the possession of said child by defendant by force or otherwise. On the contrary, she alleged affirmatively that she was then in possession of him. The circumstances attending and constituting the alleged trespass were not recited in her petition, and such allegation was therefore a mere conclusion. * * * But, if defendant's alleged attempt to deprive her of the possession of the child had been stated with sufficient particularity to show a technical trespass, same was only an incident to plaintiff's cause of action and not the basis thereof, and therefore insufficient to fix venue in Bexar county." See also Lloyd v. Smith, Tex.Civ.App., 203 S.W.2d 793, cited by appellee.

Appellee states in her brief that "this suit was not a child custody suit, but was merely a habeas corpus proceeding to return the possession of the child to the Appellee, the Appellee already having been awarded custody of said child by virtue of the decree of divorce between the Appellee and the Appellant."

Appellee further contends that by the filing of her amended controverting affidavit on October 5, 1949, and the amendment to such amendment filed on November 21, 1949, that the court did not err in rendering judgment overruling appellant's plea of privilege by reason of said amendments establishing res adjudicata as against appellant's plea of privilege. Appellant's point four relates to this issue.

As stated before, the court heard all of the testimony on the 16th day of September; he signed the judgment on the 21st day of November, the same day appellee filed her amendment to her amended controverting plea.

The pertinent portion of appellee's amendment to her controverting plea filed October 5, 1949, which was several days after the testimony was closed, is substantially as follows: That appellant filed suit against her in Tarrant County on or about December 10, 1948 for custody of said child; that she filed her plea of privilege and thereafter appellant took a nonsuit before her plea of privilege was acted upon. In her amendment to her trial amendment to her controverting affidavit to appellant's plea of privilege her pertinent allegation is substantially as follows: That appellant filed suit against her on or about the 15th of December, 1948, in Tarrant County, Texas, for the custody and control of the son Stephen Robert Thomas; that the subject matter of said suit was the identical subject matter of the present proceeding.

The suit filed by appellant in Tarrant County was obviously filed for the purpose of re-litigating the question of who should have custody of the child. Appellee declares in her brief, as quoted supra, that the suit brought by her in Dallas County was not for the purpose of re-litigating the question of custody but was brought strictly as a habeas corpus proceeding, based on the fact that she had theretofore been awarded custody of the child, and on the claim that appellant was wrongfully detaining the child. We have not been cited to any case in which the doctrine of res adjudicata has been applied in a situation like the one before us.

Whether or not the trial court erred in allowing the trial amendments to be filed, it was shown without dispute at a hearing upon the motion filed by appellant to strike said trial amendments, and in the alternative to set aside the order overruling his plea of privilege, that the plea of res adjudicata was without a sufficient basis in the facts. The evidence adduced upon said motion shows without dispute that the plea of privilege filed in behalf of appellee in the Tarrant County suit was withdrawn, pursuant to an agreement between counsel of record representing the respective parties, before the order of dismissal was ever entered. Certified copies of pertinent portions of the Tarrant County proceedings were tendered in evidence, and there can be no dispute about the fact that appellee's plea of privilege filed in the Tarrant County was withdrawn by her counsel prior to time said suit was dismissed. Since there is nothing in the record to indicate that proof with respect to the Tarrant County suit could or would be any different on another trial, there would be no reason for remanding the cause for further development in this respect. The record does not show upon what ground the trial court overruled the plea of privilege in the case now before us, but it does appear from the record that his order cannot be supported on the theory of res adjudicata.

Judgment of the trial court overruling appellant's plea of privilege is reversed and judgment is hereby rendered ordering the cause transferred to a district court of Tarrant County, Texas. The clerk of the trial court is instructed to comply with applicable provisions of Rule 89, Texas Rules of Civil Procedure, in making such transfer.

All costs of this appeal and the costs of the trial court incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against appellee.

## On Motion for Rehearing

Appellee has sent to the clerk of this court, through the United States mail, her motion for rehearing. Our judgment was rendered March 17, 1950. The fifteen day period for filing motion for rehearing, Rule

552

458, Texas Rules of Civil Procedure, expired April first. The envelope in which the motion for rehearing was sent was postmarked Dallas, Texas, April first, and the motion was delivered to our clerk on April third.

Since the motion was not filed by April first, or deposited in the mail and the envelope postmarked one day or more before the last day for filing, Rule 5, T.R.C.P., as amended by order effective March 1, 1950, we have no option but to deny appellee permission to file the motion. We have no authority to extend the time for filing. Reynolds v. Dallas County, 146 Tex. 372, 207 S.W.2d 362; Winter v. Hamilton, Tex. Civ.App., 214 S.W.2d 330, 336.