Billie Virginia SPENCER, Appellant,

v.

Edwin T. SPENCER, Appellee.

No. 14158.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 23, 1963.

J. Hubert Lee, Austin, John Romberg, Gonzales, for appellant.

Denver E. Perkins, Gonzales, for appellee.

BARROW, Justice.

This is an appeal by Billie Virginia Spencer from an order of the 25th District Court of Gonzales County, sustaining the plea of privilege of Edwin T. Spencer to be sued in Matagorda County, the county of his residence. The question presented is whether the petition filed by appellant is one for the enforcement of the child custody provision of the original divorce decree, rendered in Gonzales County, or is for change of custody.

Appellant and appellee were divorced in Gonzales County on January 15, 1955, and the custody of their two minor children was awarded to appellant, subject to appellee's right to visit the children at reasonable times. In July, 1961, appellant suffered a nervous breakdown and went to the Austin State Hospital for treatment. Her father delivered the two minor children to appellee and they have remained in his custody since that time. Appellant was in the hospital for two months during the summer of 1961 and for two months the first part of 1962. She was discharged on April 12, 1962, under the authority of Sec. 80 of the Mental Code, Art. 5547, Vernon's Ann.Civ.Stats. This section authorizes the head of a mental hospital to discharge a patient if he determines that the patient no longer requires hospitalization. On December 27, 1962, appellant filed this petition under the original cause number. She alleged that she was a resident of Travis County and that appellee was a resident of Matagorda County, Texas. After a hearing before the court, appellee's plea of privilege was sustained and the cause ordered transferred to Matagorda County.

■■ It is well settled that a court rendering judgment has exclusive jurisdiction for the purpose of enforcing its prior decree. Ex parte Gonzalez, 111 Tex 399, 238 S.W. 635; Taylor v. Taylor, Tex.Civ.App., 348 S.W.2d 226; Johnson v. Galloway, Tex. Civ.App., 277 S.W.2d 127. It is equally well settled that venue in actions for change of custody is in the county of the residence of the defendant. Spell v. Green, 144 Tex. 535, 192 S.W.2d 260; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Yeagle v. Bull, Tex.Civ.App., 235 S.W.2d 226. Therefore, we must determine the nature of this proceeding to ascertain the proper venue.

It is our opinion, from an examination of the petition filed herein by appellant, as well as her testimony on the plea of privilege hearing, that the true nature of this proceeding is one for alteration or change of custody of the children. Venue therefore lies in the county of appellee's residence.

■ The divorce decree of 1955 placed custody in appellant. She became incapacitated in July, 1961. During her incapacity, she could not and did not exercise her legal custody of the children. When her incapacity occurred, her father delivered the actual custody of the children to appellee. Appellant remained in the hospital for two months and did not disturb this actual custody upon her release. She reentered the hospital in the first part of 1962, and was released the second time in April, 1962. This petition was not filed until some eight months later. Hence, for a period of eighteen months, she either was unable to exercise her legal custody or voluntarily sur-

rendered the actual custody to appellee. His possession was prima facie lawful. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Stinson v. Rasco, Tex.Civ.App., 316 S.W.2d 900.

In Thomas v. Thomas, Tex.Civ.App., 228 S.W.2d 548, it was held that when the legal custodian was adjudged of unsound mind, the other parent of the child automatically became the legal custodian. See also Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. This is a wholesome rule in that it does not leave the custody of the children unsettled pending a hearing, as required under the contrary rule. Cf. Aberlin v. Zisman, 1 Cir., 244 F.2d 620. When appellant felt she was again able to care for the children, she was entitled to bring her petition to change or modify appellee's custody of them. The venue for this petition is in Matagorda County. Thomas v. Thomas, supra.

Moreover, the petition filed herein by appellant recognized that the custody of the children was with appellee. She did not bring this suit to enforce the original decree, nor for a contempt action. On the contrary, it is seen that it would be necessary to alter the original divorce decree in order to grant appellant the relief she seeks. Her petition is styled: "Defendant's Application to Alter Judgment Providing Child Support Payments by Plaintiff and for Temporary Restraining Order and Temporary Injunction." It is clear, however, that the purpose of this petition was not to reduce the amount of child support paid her. She did allege that appellee was now required to support five children, including the two involved herein, and that his child support payment to her should be reduced from $100.00 per month to $25.00. Appellee made no such request and appellant has not briefed any point in connection with the child support.

Appellant alleged and testified that appellee had refused to permit her to visit the children during either the Thanksgiving or Christmas holidays of 1962. She asked for an injunction ordering him to desist from interfering with her taking the children from his home to visit with her during the 1962 Christmas holidays. She further alleged that it was in the best interest of the children that they remain with appellee until school was out in June, 1963, but asked for an injunction to prevent appellee from interfering with her visiting the children on week-ends. The relief sought by appellant would require the court to alter the custody of the children at least to this extent. This issue would involve more than the enforcement of the original divorce decree. Leonard v. Leonard, Tex.Civ.App., 358 S.W.2d 721; Bezner v. Sawyer, Tex.Civ.App., 217 S.W.2d 858.

The judgment is affirmed.