Bessie Mae DANNELLEY, Appellant,

v.

Frank H. DANNELLEY, Appellee.

No. 11397.

Court of Civil Appeals of Texas.

Austin.

May 4, 1966.

Rehearing Denied June 1, 1966.

142

Butler, Schraub, Schafer & Gandy, Philip A. Schraub, Corpus Christi, for appellant.

J. Malcolm Robinson, Austin, for appellee.

PHILLIPS, Justice.

This is a suit for the custody of three children, a boy, age 10, a girl, age 14 and a boy age 18. The appeal is from a judgment of the District Court of Travis County decreeing a permanent change of custody of the three children from their mother, the appellant, who had been awarded their custody in the original divorce decree, to their father, appellee.

We affirm the judgment of the trial court.

In December of 1961, the appellant was divorced from the appellee in Travis County, Texas in Cause No. 123,703 and was awarded custody of their three minor children.

In July of 1964, appellee filed a motion with the court, docketed under the number of the original divorce action, wherein appellee alleged that appellant was no longer physically or mentally capable of exercising custody and control of the children in that she had been committed to the Austin State Hospital because of drug addiction and alcoholism. The motion further alleged that it would be to the best interest of the children if they be given into the custody of the appellee and prayed for their custody and control.

By an order dated July 21, 1964, the court ordered that the temporary custody of the children be placed with appellee.

On July 1, 1965, appellant filed her original motion to set aside and vacate the court's order of July 21, 1964. This motion was set for hearing by the court for July 9, 1965 and appellee was served with citation and notice of such hearing. Appellee then filed his motion to quash the citation and made demand for a jury.

On July 9, 1965, appellant filed her first amended motion, wherein she moved the court to declare null and void, or alternatively to set aside and vacate the temporary custody order filed July 21, 1964.

On July 25, 1965, the court entered judgment decreeing, among other things, the legal custody of the minor children as being in appellee, and having been in appellee from and since July 21, 1964, and on July 26, 1965, entered an order fixing visitation rights in appellant.

On August 17, 1965, appellant filed her motion, with accompanying affidavits, to set aside, vacate and strike the judgment and order, which motion was heard on August 23, 1965. The court set aside his prior judgment of July 25, 1965 and ordered a further hearing held on the matter before the court on September 3, 1965.

On September 3, 1965, the court held the hearing wherein appellant urged her motion to vacate and set aside the order dated July 21, 1964 and offered evidence in support thereof.

On September 13, 1965, the court entered judgment decreeing that the legal custody of the minor children is in the appellee and has been in appellee since July 21, 1964, and any action by appellant to alter this should be by a new and independent action for a change of custody. The court further decreed that the proceeding filed by appellant on July 1, 1965, is a proceeding to change custody of the minor children, and that appellee is entitled to full service of citation as in other suits, and that his motion to quash should be and is sustained. The court reinstated the visitation period for appellant as fixed by the order of July, 26, 1965.

Appellant is before this Court on seventeen points of error. Thirteen of these points are grouped together, however, of this group, the following are briefed and argued. The error of the court in rendering judgment fixing custody of the children in appellee because no citation, notice or show cause order was issued to appellant in respect to the temporary change of custody order dated July 21, 1964; the lack of notice to appellant of the entry of said order and the issuance of said order without a hearing; the error of the court in fixing the custody as it did inasmuch as appellee's motion for change of custody, which was filed in the original papers of the divorce action under the original number and in the original court which granted the divorce, is a proceeding seeking to change custody of the three minor children of appellant and that any such proceeding becomes a new and independent cause of action requiring a petition, proper service on appellant, and requires that appellant be made a party to the proceeding; that since this was not done the order is void. The error of the court in ordering a permanent change of custody without conducting a trial founded upon proper pleadings and affording the parties the opportunity to present evidence from which the best interests and welfare of the minors could be adequately determined.

We overrule these points.

■ We hold that this case is determined by the holding in Spencer v. Spencer, Tex. Civ.App., 371 S.W.2d 898, no writ history, which states the rule, in a situation such as we have here, to be that whenever a spouse having legal custody of children becomes sufficiently incapacitated, enters the State Hospital and is unable to exercise legal custody of the children or voluntarily surrenders such custody for a period of time to the opposite spouse, such spouse's possession is prima facie lawful.

■ Here the trial court found that the appellant was declared mentally ill by the Probate Court of Travis County on July 21, 1964, and was committed to the Austin State Hospital; that she was released from the State Hospital under authority of Section 80, of the Mental Health Code, Art. 5547, Vernon's Ann.Civ.St., on October 15, 1964. The certificates of Medical Examination of the two medical doctors given in support of such commitment reflect that the commitment was for alcoholism and drug dependency.

■ Appellant asks us to declare the court's order of July 21, 1964 void because of the alleged procedural defects pointed out, thus relieving her of the burden of proving herself a fit mother for custody of the children at the subsequent hearing held by the court on September 3, 1965 at which hearing both spouses appeared, were represented by counsel and presented evidence.

■ For appellant to prevail here, we would have to ignore Spencer and also Thomas v. Thomas, Tex.Civ.App., 228 S.W. 2d 548, no writ history, which is cited in Spencer in support thereof. As stated by the court in Spencer: "This is a wholesome rule in that it does not leave the custody of the children unsettled pending a hearing, as required under the contrary rule. * * * When appellant felt she was again able to care for the children, she was entitled to bring her petition to change or modify appellee's custody of them."

■ In ruling that the legal custody of the children is in appellee and has been in appellee since the court's order of July 21, 1964, the court held a hearing at which both spouses were present, were represented by counsel and had ample opportunity to present evidence. This hearing was held September 13, 1965, more than a year after the court's original order temporarily changing custody and was held at the behest of appellant who had presented the court with a pleading designated as a motion. In this motion appellant designated the parties to the controversy, that such parties were divorced, that prior custody of the children had been in her, that conditions had changed and that she had become hospitalized for a period of time, that she now fully recovered, remarried, had a new home and she was the proper person to have custody of the children. Since appellant has invoked the jurisdiction of the court to determine the personal status of the children, she cannot now be heard to deny the power of the court in that proceeding to do with the children's persons or their status whatever appears to the court to be in their best interests. See Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79.

The evidence discloses that the trial court was no stranger to the parties hereto or to their problems. He first became aware of their difficulties some five years prior when he granted them a divorce and it was before this same court, for the most part, that the various proceedings delineated herein were held. He was fully aware that the appellant was absolutely incapable of discharging the obligations imposed upon her by reason of her commitment for a period of eighty five days and in addition allowed her children to remain with appellee for a period of nine months. In this connection, appellant was aware of her visitation rights prescribed by the court and conformed thereto.

■ It is well settled in this State that the trial court is given wide latitude where the welfare of minor children is concerned.

Appellant asks us to reverse this case and render judgment, the consequence of which would be to deliver these minor children to her. Under these circumstances, it is our opinion that her request is not only barred by the applicable case law but by common sense as well.

■ Appellant's points thirteen, fourteen and fifteen, briefed together, complain of the court's action that appellant's commitment due to mental illness changed legal possession to appellee because such commitment did not adjudge appellant to be of unsound mind; that the court erred in concluding that by virtue of appellant's inability or unwillingness to exercise custody from July 22, 1964, to July 1, 1965 appellee acquired legal custody of the minor children as a matter of law; that the court erred in finding and in rendering judgment on September 13, 1965 that the legal custody of the minor children is in appellee and has been in appellee since July 22, 1964 in that no lawful change in the custody of said children from that fixed by the judgment of December 8, 1961, has ever been made by lawful judgment or by operation of law. In Spencer, the hospitalization was because of a nervous breakdown, while in Thomas the spouse was adjudged to be of unsound mind. Here the appellant was declared mentally ill. We hold that appellant's commitment was upon sufficient grounds to invoke the rule in Spencer.

Appellant's points fourteen and fifteen have been adequately disposed of above.

We overrule these points.

■ Appellant's seventeenth point of error is that of the court in finding that appellant made no effort or attempt to regain the actual physical possession of or exercise the actual custody of the three minor children during a period of eight and a half months before the filing of her motion on July 1, 1965, because the undisputed evidence presented in support of her motion shows that she had sought advice of counsel and the court in this regard and acted in accordance with this advice. ■

We overrule this point. While there is evidence that appellant talked to her attorney and to the court about getting her children back, there is also evidence from which the court would have concluded otherwise.

We affirm the judgment of the trial court.

Affirmed.

## ON SECOND MOTION FOR REHEARING

Our opinion on rehearing is withdrawn for the reason that the question discussed therein, the failure of the trial court to submit the issues made to a jury, is not supported by a proper point in appellant's brief.

Appellant's second motion for rehearing is overruled.

Motion overruled.