Bessie Mae DANNELLEY, Petitioner,

v.

Frank H. DANNELLEY, Respondent.

No. A-11602.

Supreme Court of Texas.

June 28, 1967.

Rehearing Denied July 19, 1967..

Butler, Schraub & Gandy, Philip A. Schraub, Corpus Christi, for petitioner.

J. Malcolm Robinson, Austin, for respondent.

HAMILTON, Justice.

Bessie Mae Dannelley, Petitioner herein, filed a motion in the 53rd District Court of Travis County, Texas, in cause No. 123,703, seeking to set aside and vacate a previous order of such court entered on July 22, 1964, changing the custody of three minor children, Preston Dannelley, II, Sherrilee Dannelley, and David Leuin Dannelley, from that of Petitioner to Frank H. Dannelley, Respondent. The trial court entered judgment which in effect denied such relief and the Court of Civil Appeals has affirmed. 405 S.W.2d 141. We reverse the judgment of the Court of Civil Appeals and the Trial Court and render judgment vacating said order.

On the 8th day of December, 1961, Petitioner and Respondent were divorced by judgment of the 53rd District Court of Travis County, Texas, in cause No. 123,703, in which judgment the custody of the three minor children of said parties was awarded to the Petitioner Bessie Mae Dannelley. On July 22, 1964, Bessie Mae Dannelley was committed to the Austin State Hospital as a mentally ill patient, for observation or treatment for a period not exceeding ninety days, by judgment entered in cause No. 4452 in the County Court, Travis County, Texas. On the same date a petition was filed in the 53rd District Court of Travis County, Texas, in said cause No. 123,703, by Frank H. Dannelley requesting the court to change the custody to the Respondent because of the said commitment of the Petitioner to the Austin State Hospital. On the same day the court, without notice to Petitioner, heard the motion of Respondent, granted said motion and entered an order granting temporary care, custody and control of said minor children to Respondent, Frank H. Dannelley.

On October 14, 1964, the Petitioner, Bessie Mae Dannelley, was discharged from the Austin State Hospital as authorized by Article 5547–80, Vernon's Ann.Civ.Stat. On July 1, 1965, the Petitioner filed a motion in said cause No. 123,703 in the 53rd District Court, Travis County, Texas, praying that the order entered on July 22, 1964, giving temporary custody of said children to the Respondent be in all things vacated and set aside on the ground that she had fully recovered from the illness for which she was hospitalized in July 1964.

On July 9, 1965, Petitioner filed an amended motion asking for substantially the same relief requested in the original motion on the ground that said order was entered without notice or citation, and the court did not have jurisdiction to enter an order affecting the custody of said children and that such order was void. Alternative-

ly, she alleged that she had completely recovered from the illness of which she was hospitalized, thereby eliminating all reason for such temporary order remaining in effect.

A hearing was had on July 14, 1965, and a judgment was entered on July 25th. This judgment was subsequently set aside on motion of Petitioner, and the case was reset for hearing on September 3rd. At that time the hearing was held, both parties and their attorneys being present. After the hearing the court entered a judgment on September 13, 1965, the pertinent part of which is as follows:

* * * "[A]nd the Court finds that the Plaintiff, Bessie Mae Dannelley, was released from the Austin State Hospital under authority of Section 80 of the Mental Health Code on October 15, 1964, and instituted these proceedings July 1, 1965, and that during such time the Plaintiff either was unable to exercise legal custody or voluntarily surrendered the actual custody of the minor children; and the Court finds that such actual and physical possession of the minor children because of such commitment and the Plaintiff's inability to exercise custody and/or the Plaintiff's voluntary surrender of such custody, by operation of law placed legal custody of the minor children in the father, Frank H. Dannelley; and the Court also finds that the relief prayed for by the Plaintiff, Bessie Mae Dannelley, if granted, would change the actual possession and custody of the minor children; it is therefore,

ORDERED, ADJUDGED AND DE-CREED by this Court that the legal custody of the minor children Preston Dannelley, II, Sherrilee Dannelley and David Leuin Dannelley, is in the father, Frank H. Dannelley, and has been in the father since July 22nd, 1964, and any action by the mother, Bessie Mae Dannelley, to alter that is and should be a new independ-

ent action for a change of custody; and, * * *."

The above statement of the chronology of what happened in this case clearly presents the problem before us. Neither the Trial Court nor the Court of Civil Appeals has held that the order of July 22nd granting temporary custody of the minor children to Respondent is a valid and subsisting order, and further the Respondent does not so contend. What the Respondent contends and what both the Trial Court and Court of Civil Appeals have held is that the legal custody of said minor children has been changed from that granted the Petitioner in the divorce judgment to the Respondent by operation of law based upon certain facts; that is, commitment to the State Hospital for observation or treatment of mental illness from July 22, 1964, to October 14, 1964, or the failure of the Petitioner to seek actual physical possession of said minor children through court action until July 1, 1965.

■ In our opinion this conclusion of law is erroneous. The judgment entered by the court and the divorce case of 1961 remains in full force and effect until superseded by a subsequent judgment entered in a new and independent action for change of custody. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016(1940).

The Court of Civil Appeals in affirming the judgment of the Trial Court relies on two Courts of Civil Appeal's cases, Thomas v. Thomas, 228 S.W.2d 548 (Tex.Civ.App. 1950, no writ); Spencer v. Spencer, 371 S. W.2d 898 (Tex.Civ.App.1963, no writ).

The *Thomas* case held in effect, that the day on which the divorced wife to whom custody of child had been granted by divorce decree, was adjudged to be of unsound mind, the divorced husband became under the law the legal custodian of the child. As authority for that holding the court cited Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551(1946). That case held

that where a decree of the court made the child's mother his lawful custodian, immediately upon her death, notwithstanding custody award, the right of the father to custody of the child was revived, and he became the child's legal custodian. As authority for such holding the Court cited Article 4118 of revised Civil Statutes of 1925 which provided:

"If the parents live together, the father is the natural guardian of the person of the minor children of the marriage. If one parent is dead, the survivor is the natural guardian of the person of the minor children."

The *Spencer* case involved the fact situation similar to what we have here. The wife was awarded custody of the minor children in the divorce decree. The wife was committed to a hospital for observation and treatment of mental illness. The children's grandfather delivered possession of the children to their father. The mother was subsequently released from the hospital and she brought suit to regain possession of her children. The question of venue was raised and the Court of Civil Appeals held that legal custody of the children was in the father, and suit would have to be brought in the County of his residence.

The court there cited the *Thomas* case, and Peacock v. Bradshaw, supra. Neither case is authority for the holding of the Court of Civil Appeals. Peacock v. Bradshaw does not involve the transfer of legal custody from one having such custody to another by operation of law. In that case death dissolved the legal custody that was awarded the wife in the divorce decree, in which situation the right of the father to custody of the child was revived. The law announced in that case does not apply to the facts in the *Spencer* case. Neither is the holding in *Thomas,* whether correct or not, applicable to the facts of *Spencer,* or the instant case. We do not have here a case where one to whom legal custody

was awarded has been declared of unsound mind. Consequently, we do not pass on that question here.

We hold that temporary commitment of Petitioner to a hospital for observation and treatment does not in, and of itself, operate to change the legal custody of the minor children to the Respondent. The holding in the *Spencer* case is disapproved.

We also hold that the fact that Petitioner voluntarily let the children remain with the father for some eight months after she was released from the hospital did not change the custody of said children by operation of law. Fowler v. Fowler, 292 S.W.2d 800 (Tex.Civ.App.1956, no writ). Also see Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup.1966).

Under our holding that legal custody of said children remained at all times with Petitioner, it follows that an order vacating the court's order entered on July 22, 1964, would not operate as a change of custody. We do not mean to hold that the Trial Court did not have the jurisdiction to enter a temporary order granting a change of custody without notice in a situation which it considered was an emergency. This Court recently held in the case of Page v. Sherrill, 415 S.W.2d 642 (June 3, 1967), as follows:

"Since the district courts are vested with general supervisory control of minors, they are charged with the profound responsibility of protecting their health and safety. Effective discharge of this responsibility under situations of emergency will sometime demand *immediate* action by the courts. Such action may, by necessity, consist of a temporary taking of a child from the possession of its legal custodian, with or without notice, pending a full hearing. It follows that the district court's power to enter such temporary orders is implied since it is necessarily incidental to the power of general control over minors granted to the district courts by Section

8 of Article V of the Texas Constitution."

However, the court went further and said:

"The court's order to take the children from relator's custody, although without notice, is purely a *temporary* order; it does not purport to be a *final adjudication* of relator's rights. Clearly the order contemplates only a temporary interruption of custody to be followed by proper notice, appropriate pleadings, and a full hearing in which the burden of proof will not be upon relator but upon the parties seeking a change of custody."

Since the Petitioner in this case was never cited and no hearing was ever had on the question of change of custody, the trial court had no alternative but to grant Petitioner's motion to vacate said order of July 22, 1964.

We reverse the judgments of the Court of Civil Appeals and the Trial Court and render judgment vacating the order of the trial court of July 22nd, 1964, giving temporary custody of the minor children to Respondent.