Sibyl Gail AECHTERNACHT et vir.,
Appellants,

v.

Everett PAGE et ux., et al., Appellees.

No. 7878.

Court of Civil Appeals of Texas.

Texarkana.

May 14, 1968.

Paul W. Anderson, Marshall, for appellants.

Tom Bankhead, Carthage, for appellees.

CHADICK, Chief Justice.

Bradley Everett Page, a boy, born February 16, 1961, and Cathy Laverne Page, a girl, born April 12, 1962, were each ascertained to be a "dependent child", as the term is used in Vernon's Ann.Tex.Rev. Civ.Stat. art. 2333, (1964), in a proceeding

initiated and heard March 13, 1967, in the District Court of Panola County. The court's declaration of the status * of the children was grounded on the fact that each was "without proper parental care" according to a finding subsequently made for the purpose of this appeal. The mother of the children, Mrs. Sibyl Aechternacht, divorced wife of Steve Page, resided in Harrison County and had no notice of the proceeding or its pendency and was not present at the trial. The order entered March 13, 1967, temporarily committed the children to the custody of their paternal grandfather, Everett Page. At a subsequent hearing on July 21, 1967, of which the children's mother had notice but failed to appear, temporary custody of the children was transferred from the grandfather Everett Page to the children's father, Steve Page.

Mrs. Aechternacht filed a pleading on July 26, 1967, bearing the label "Motion to Vacate and Set Aside Order", the initial paragraph "moves the court to vacate, set aside and hold for naught any and all prior orders entered herein pertaining to the custody" of the children. The instrument ended with the prayer "that the above mentioned orders affecting the custody of such three minor children be set aside, vacated and held for naught". Between the opening paragraph and the closing prayer appear seventeen numbered paragraphs stating grounds in support of the motion. The grounds include allegations that the children were not dependent and neglected as defined by statute, and that the action instituted under Tex.Rev. Civ.Stat.Ann. art. 2330 (1964) was a scheme to deprive her, Mrs. Aechternacht,

of the custody of the children awarded to her in a valid divorce judgment entered on the 10th day of January, 1964, in the District Court of Panola County. The sufficiency of the motion is not questioned.

Hearing on the motion to vacate was held September 6, 1967. At this, the last of the series of hearings, evidence was offered that Mrs. Aechternacht was divorced from Steve Page on the 10th day of January, 1964, by judgment of the District Court of Panola County, where the dependency action was pending, and was awarded exclusive custody of Bradley Everett and Cathy Laverne Page. Mrs. Aechternacht testified in her own behalf and stated that she was the mother of the children, that soon after the divorce decree she became a resident of Harrison County and continued to reside there at all times pertinent to this suit. She also said that she and the grandparents of the two children, Everett and Mildred Page, entered into a pattern and course of conduct that amounted to an arrangement by which Mrs. Aechternacht frequently permitted the Pages to take the children from Mrs. Aechternacht's home in Harrison County to the Page home in Panola County for overnight and weekend visits, with the understanding that they would return the children to her; she said the Pages always returned the children promptly in accordance with the not wholly expressed but tacit understanding. She testified it was on the basis of this previous conduct and understanding that she permitted them to take the children on March 9th before she entered the State Mental Hospital at Rusk, Texas, on March 10, 1967. Preparatory to entering the hospital, she testified, she

* The several grounds for declaring a child's status are found in Art. 2330, which reads: "The term 'dependent child' or 'neglected child' includes any child under sixteen years of age who is dependent upon the public for support or who is destitute, homeless or abandoned; or who has not proper parental care or guardianship, or who habitually begs or receives alms, or who is found living in any house of ill fame or with any vicious or dis-

reputable person, or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care it may be, is an unfit place for such child; or any such child whose parents or guardian permit it to use intoxicating liquor except for medicinal purposes or to become addicted to the use of such liquors, or permits it in or about any place where intoxicating liquors are sold."

had arranged with her mother and father to care for the children during her absence. Her hospital commitment was temporary and apparently voluntary.

Counsel for Mrs. Aechternacht introduced without objection the entire file of papers in the dependent child action, as well as the court's docket sheet. The file contained the sworn petition of Everett Page that initiated the proceedings of March 13, 1967. This last mentioned instrument contains the averments and prayer next quoted, to-wit:

"NOW COMES Everett Page, a resident of Panola County, Texas, and represents to the Court that he has knowledge of two (2) children in said County under sixteen (16) years of age, who appear to be dependent or neglected children, and in support thereof your Petitioner alleges the following facts which he says constitutes the said children dependent or neglected children to-wit:

1. The name of the children are as follows: Bradley Everett Page, a boy born February 16, 1961 and Cathy Laverne Page, a girl born April 12, 1962. Said children now reside in the City of Carthage, Panola County, Texas.

2. Said children are dependent or neglected in that they have no proper parental care or guardianship in that the mother is committed to the State Mental Hospital at Rusk, Texas and the father, Steve Page is serving in the armed forces at Camp Carson, Colorado Springs, Colorado.

3. The name of the mother of the children is Gail Aechternacht nee Page, who presently is committed to the State Mental Hospital in the City of Rusk, County of Cherokee, Texas, and as stated, the name of the father of the children is Steve Page whose residence is Panola County, Texas, but who is presently stationed at Camp Carson, Colorado Springs, Colorado, in the armed forces. The said children have no legal guardian.

"WHEREFORE, your Petitioner prays that as the children have no legal guardian and that both parents do not now reside in Panola County, Texas, that no citation issue and that the Court proceed to a hearing of this cause upon the appointment of a suitable person to represent said children in said cause and that on hearing that said children be adjudged dependent or neglected children and that the Court enter such other and further orders herein regarding the care, custody and control of said children as required by law and as may be deemed necessary and proper."

Except for the District Clerk, whose testimony was concerned with documents on file in the case, no other witness was produced nor other documentary evidence offered. The testimony was terminated when an objection was made to the "line of questioning" directed to Mrs. Aechternacht on cross-examination, though no ruling was made; the hearing simply trailed toward a halt as counsel for the parties and the trial judge expressed opinions as to the particular issue or issues to be determined by the hearing and ended when the trial judge concluded a statement by denying the motion to vacate.

A general statement of the law governing Mrs. Aechternacht's substantive and procedural rights after the children were declared to be dependent is found in 19 Tex.Jur.2d Delinquent Children, § 70 (1960), to-wit:

"Parents who were not given notice of the proceedings at which their child was adjudged to be dependent or neglected are entitled to be granted a full hearing in a subsequent proceeding on the issue of whether or not sufficient facts existed to warrant the judgment of dependency, unless of course, their right is barred by laches or the running of the statute of limitations. This subsequent proceeding is properly described as being part of the original dependency proceedings, and it must be brought in the same

court that rendered the original judgment of dependency. Accordingly, where the right of the parents has not been lost, a subsequent proceeding may be brought to set aside not only the judgment of dependency itself, but also the commitment orders based thereon. In such a proceeding, obviously, the persons into whose custody the child has been committed should be brought in as parties defendant. * * *

"In determining the issue presented at the subsequent proceeding, the court may, under proper circumstances, consider not only the facts that transpired before the adjudication of dependency, but also facts that have arisen since the rendition of the judgment. If it appears that there were no facts that justified the judgment, it may then be set aside, so that the rights of the parents to the child's custody are not barred. On the other hand, if it appears that the parents had actually abandoned the child or otherwise neglected him, so that he was a dependent or neglected child within the meaning of the dependency statute, the court's adjudication of dependency will then be affirmed, even though it was made in the absence of any notice to the parents."

Mrs. Aechternacht's point of error No. 3 raises the issue on appeal that the evidence, introduced at the hearing on her motion to vacate the prior orders entered in the action, is insufficient to show the two children to be dependent and neglected. Decision on the issue raised by the point of error can only be made after a conclusion is reached upon a much more complex question, that is, whether or not the fact of dependency must be proven at the hearing on the motion to vacate and not by reference to evidence produced in the earlier hearing of March 13, 1961, on the question held without notice to Mrs. Aechternacht.

■ This court has concluded that the fact of dependency vel non must be determined by evidence produced at the hearing of Mrs. Aechternacht's motion to vacate. In De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687 (1944) it is stated:

"It is generally held that a statute authorizing such summary proceedings without notice to the parents is constitutional, and that a decree entered in accordance therewith is valid subject only to the right of the parents or guardian who were without notice thereof to a full hearing in a subsequent proceeding on the issue as to whether the child was, in fact, a dependent and neglected child. * * *

"But where the parents are without notice of the proceedings, they must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed as to authorize the entry of the judgment of dependency. * * *"

See also Pena v. Snare, 196 S.W.2d 207 (Tex.Civ.App. Waco 1946 no writ); Hickman v. Smith, 238 S.W.2d 838 (Tex.Civ. App. Austin 1951, er. ref'd). In Sutter v. Yutz, 223 S.W.2d 554 (Tex.Civ.App. El Paso, 1949, er. dism'd), a case similar in many respects to this on appeal, it is noted that the hearing on the motion to vacate in that case was substantially a trial de novo. Consideration of the cases just mentioned, as well as Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Dannelley v. Dannelley, 417 S.W.2d 55 (Texas 1967) and Page v. Sherrill, 415 S.W.2d 642 (Texas 1967) leads to the conclusion expressed at the beginning of this paragraph.

Unless the facts of dependency are to be determined from proof produced at the hearing on the motion to vacate, this court would be in the position of approving a procedure wherein Mrs. Aechternacht would be confronted with and compelled at the hearing to counter proof that was unknown to her, the detailed nature of which she had no legal means of acquiring. The evidence produced at the original trial

March 13, 1967, is not shown to have been preserved by the official court reporter, or if in fact it was, a transcript is not in the appeal record. Further, if such procedure is approved, Mrs. Aechternacht would not have had an opportunity to cross-examine, in the light of testimony formerly given, the witnesses at the original trial even though she might have been able to ascertain who they were. Placed at such disadvantage she could not have marshaled her proof to meet the unknown evidence previously put before the court.

Clearly, being compelled to enter the lawsuit without knowledge of the evidence then before the court and without opportunity to cross-examine the adverse witnesses would be detrimental to Mrs. Aechternacht in asserting her parental rights and would deprive her of the legal position she is entitled to occupy in an action that might strip her of such rights. The Tex.Const. art. I, § 19, Vernon's Ann.St. declares that: "No citizen of this state shall be deprived of life, liberty, property, privileges or immunities or in any manner disfranchised except by the due course of the law of the land." To afford Mrs. Aechternacht a due course hearing on her motion to vacate, that would comply with the provisions of the Constitution, it is indispensable that the facts of dependency be proven at the hearing on her motion. It follows that only the facts of dependency proven at the hearing may be considered in determining the sufficiency of the evidence to support a judgment of dependency.

■■ Though no complaint is made in this appeal respecting the burden of proof and the burden of going forward with proof, the problem is so entwined with the question previously discussed that it should be noticed. The statute authorizing the dependency proceeding without notice to a child's parents or guardian, Tex.Rev.Civ. Stat.Ann. art. 2332 (1964) is designed for use in an emergency. The statute contemplates that orders made in such an emergency dependency proceeding are temporary insofar as they concern a parent without notice. Before a final adjudication binding upon a parent is made, proper notice, appropriate pleading and a full hearing in which the burden of proof will not be upon the parent but upon the party asserting the child's dependency must be had. See Page v. Sherrill, supra; De Witt v. Brooks, supra; Armstrong v. Manzo, supra. When Mrs. Aechternacht tendered evidence in support of her motion to vacate tending to show that she was the mother of the children and that she was not notified of the pendency of the action prior to hearing and judgment thereon, she made a prima facie case so far as her right to vacate the March 13, 1967, judgment was concerned and was then entitled to judgment unless the respondents Everett and Steve Page proceeded with their case because the burden of proving the children to be dependent and neglected shifted to the respondents at that time, together with the burden of going forward with the proof.

■ Reverting now to the sufficiency of the evidence adduced at the hearing on Mrs. Aechternacht's motion to vacate, it appears that the only evidence tending to show the children were dependent because they had no proper parental care is to be found in the conclusory terms of the affidavit Everett Page made and filed as a pleading initiating the action. But when the facts of the affidavit are added to, expanded and explained by the testimony given by Mrs. Aechternacht, which has heretofore been outlined, the evidence as a whole is not sufficient to support the judgment entered. Mrs. Aechternacht's testimony was produced in open court and remained uncontradicted at the time the hearing ended. The presumption is that it would have been denied if untrue. See 1 Texas Law of Evidence § 102. Although Mrs. Aechternacht was an interested witness, her testimony was not of a character that permits a court to completely disregard it. Appellants' point of error No. 3 should be sustained.

Previous references to the state of the record suggests that a full development of the case was not made. Examination confirms that the evidentiary record appears incomplete. In the interest of justice the case should be reversed and remanded so that the evidence may be fully developed in a trial of the motion to vacate judgment. However, in the present state of the record on appeal this court must dismiss the appeal unless the appellant files a good and sufficient bond herein on or before May 24, 1968. The bond tendered shows the sureties' names stamped thereon. The record contains nothing that shows the authority of the person affixing the sureties' name to the instrument to bind the named persons as sureties. If a sufficient bond is timely tendered this dismissal will be withdrawn and remand ordered. Failing a tender of a supplemental transcript containing a valid bond the present disposition of the appeal will remain unchanged. Appeal dismissed.