OZBOLT et al. v. LUMBERMEN'S INDEMNITY EXCHANGE. (No. 5863.)

(Court of Civil Appeals of Texas. Austin. April 3, 1918.)

1. WAR ☞10(2) — ALIEN ENEMY—"RESIDENCE"—"CITIZENSHIP"—"CITIZEN."

A motion to dismiss an appeal because appellants are alien enemies, residents of Hungary, will be overruled, where it does not appear that they are aliens or citizens of Austria-Hungary, an enemy country, although residents thereof, "residence" not being synonymous with "citizenship," which is a status or condition and is the result of both act and intent, a "citizen" being one who, as a member of a nation or body politic of the sovereign state, owes allegiance to and may claim reciprocal protection from its government. (Quoting Words and Phrases, Residence. See, also, Words and Phrases, First and Second Series, Citizen, Citizenship.)

2. WAR ☞10(2)—STATUS OF ALIEN ENEMIES —RIGHT TO APPEAL.

It does not follow necessarily that an appeal prosecuted by a citizen of Austria-Hungary will be dismissed because of the fact that since the appeal was perfected our government has declared war on such country.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by Veronika Ozbolt and others against the Lumbermen's Idemnity Exchange. From an order changing the venue, plaintiffs appeal. On motion to dismiss appeal. Motion overruled.

E. C. Gaines, of Austin, for the motion.

KEY, C. J. This suit was filed April 1, 1916. On November 15, 1916, the court sustained the defendant's plea of privilege, and changed the venue to the district court of Harris county; and the plaintiffs have appealed from that order. The transcript was filed in this court on the 27th day of January, 1917. Appellee has filed a motion to dismiss the appeal for the following reasons, as stated in the motion:

"It appears from plaintiff's petition that all the plaintiffs reside in 'Gerova, Croatia, Hungary, in the empire of Austria-Hungary.' On the 7th day of December, A. D. 1917, the Senate and House of Representatives of the United

States of America in Congress assembled, declared that a state of war does exist between the United States of America and the imperial and royal Austro-Hungarian government, and the same was on that day approved by the President of the United States of America at 5:03 o'clock p. m., of all which, as a fact, this court will take judicial notice. It appearing that all the plaintiffs, appellants herein, are alien enemies, appellee begs to suggest to the court that neither the people nor the courts of the United States of America, nor any state thereof, will render any aid or assistance to them, and appellee, therefore, now moves that this appeal be dismissed."

[1] The motion will be overruled, because the record does not show that the appellants are alien enemies. As stated in the motion, they allege in their petition that they reside in Gerova, Croatia, Hungary, in the empire of Austria-Hungary. However, they do not allege, and it is not made to appear otherwise, that they are citizens of Austria-Hungary, or of any other nation with which this government is at war. The mere fact that the plaintiffs reside within the borders of a hostile government does not show that they are alien enemies. They do not allege in their petition, nor does it otherwise appear, that they are citizens of, or owe any allegiance to, Austria-Hungary; nor is it made to affirmatively appear that they were born out of the United States, and are not citizens of this government. A citizen of one government can reside within the borders of another government without owing any allegiance to the latter.

Not only does the record fail to show that the plaintiffs are aliens, but it also fails to show that they are citizens of and owe allegiance to the government of Austria-Hungary; and therefore, if it be conceded that they are aliens, it does not appear that they are alien enemies. An alien enemy is one who owes allegiance to an adverse, belligerent nation. Dorsey v. Brigham, 177 Ill. 250, 52 N. E. 303, 42 L. R. A. 809, 69 Am. St. Rep. 228.

The term "residence" is not synonymous with citizenship; and an averment of residence is not an equivalent of an averment of citizenship for purposes of jurisdiction of the United States courts. Citizenship is a status or condition, and is the result of both act and intent. 7 Words and Phrases, page 6152. "A citizen is one who, as a member of a nation or of the body politic of the sovereign state, owes allegiance to and may claim reciprocal protection from its government. While the word 'citizen' is capable of more meanings than one, it is not a convertible term with 'inhabitant' or 'resident.'" 7 Cyc. p. 133. See, also Ex parte Blumer, 27 Tex. 734.

[2] For the reasons stated, we conclude that the motion should be overruled. However, to prevent misapprehension, we do not wish to be understood as holding that because this government is at war with Austria-

Hungary, it necessarily follows that an appeal prosecuted by a citizen of the latter government should be dismissed because of the fact that since the appeal was perfected our own government has declared that a state of war exists with the government of Austria-Hungary. Whether that penalty should be visited upon an alien enemy in such circumstances, or whether the appeal should be held in abeyance until the termination of hostilities, is a question which need not be decided in this case, and upon which we express no opinion.

Motion overruled.

