

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 7, 1970

Honorable Ted Butler
Criminal District Attorney
San Antonio, Texas  78204

Opinion No. M- 702

Re:  Whether certain military
personnel are qualified
to serve as jurors.

Dear Mr. Butler:

Your recent letter to this office requests our opinion as to the qualifications of military personnel to serve as jurors.

The Texas Constitution, Article XVI, Section 19, relating to the qualifications of jurors, provides that such qualifications shall be prescribed by the Legislature. Article 2133, Vernon's Civil Statutes, as last amended in 1969, reads, in part, as follows:

> "All persons both male and female over twenty-one (21) years of age are competent jurors, unless disqualified under some provision of this chapter. No person shall be qualified to serve as a juror who does not possess the following qualifications:
> 1. He must be a citizen of the state and of the county in which he is to serve, and qualified under the Constitution and laws to vote in said county; provided, that his failure to register to vote as required by law shall not be held to disqualify him for jury service in any instance.
> . . ."

It should be noted that the 1969 amendment of Article 2133, supra, deleted the requirement that a prospective juror be a freeholder in the State of Texas or a householder in the County.

Article 35.12, Vernon's Code of Criminal Procedure, as last amended in 1969, contains the following test of qualifications of a prospective juror:

> "1.  Except for payment of poll tax or registration, are you a qualified voter in this county and state under the Constitution and laws of this state?"

The 1969 amendment also deleted from this Article the test relating to the prospective juror's status as a freeholder in the State or a householder in the County.

A "qualified voter" or "qualified elector" as defined in the Texas Election Code, Article 1.01a, "means a person who meets all qualifications and requirements for voting as prescribed in (Article 5.02) of this code." The Texas Election Code, Article 5.02, Vernon's Civil Statutes, sets out these qualifications and requirements as follows:

> "Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one years and who shall be a citizen of the United States and who shall have resided in this state one year next preceding an election and the last six months within the district or county in which such person offers to vote, and who shall have registered as a voter, shall be deemed a qualified elector."

Article 5.02, supra, was enacted pursuant to the Texas Constitution, Article 6, Section 2, and from 1963 until 1965 provided that members of the Armed Forces stationed in Texas were to vote only in the county of their residence at the time of their entry into the service. This requirement had long been part of the aforementioned Constitutional provision. The effect of such a provision was that a serviceman who moved his home to Texas, while in the service, could be prevented from ever voting in Texas so long as he remained in the service. Attorney General's Opinion No. C-173 (1963).

This requirement of the Texas Constitution was declared to be in violation of rights secured by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in the case of Carrington v. Rash, 85 S.Ct. 775, 380 U.S. 89, 13 L.Ed.2d 675 (1965), on remand 389 S.W.2d 945. See also: Mabry v. Davis, 232 F.Supp. 930 (1964), affirmed 85 S.Ct. 936, 380 U.S. 251, 13 L.Ed.2d 818 (1965). These cases prompted the amendment of Texas Constitution, Article 6, Section 2, supra, in 1966 and a consequent change in the Texas Election Code, Article 5.02, supra, that same year, making it clear that a serviceman who intended to move his home to Texas, and did, could qualify to vote. After this series of events, Article 5.08, Vernon's Civil Statutes, was amended in 1967 to provide, in part, as follows:

"(j) No person in the military service of the
United States shall acquire a residence in this state
while he is living on a military post in quarters
which he is required to occupy.  A person in military
service who is permitted to choose his place of abode
shall not be considered to have acquired a residence
merely in consequence of his presence at the place
where he lives while performing his military duties;
and such person shall not be considered to have acquired
a residence unless he intends to remain there and to
make that place his home indefinitely, both during the
remainder of his military service whenever military
duties do not require his presence elsewhere, and
after his military service is terminated."

This Office held in Attorney General's Opinion No.
WW-1322 (1962) that "any member of the Armed Forces who
legally claims a homestead exemption from Texas ad valorem
taxes is a 'citizen' of this State for all purposes of ad
valorem taxes . . . ".  That Opinion states that whether or
not a serviceman's home is legally established in Texas is
a question to be determined from all relevant facts.

It was further held in Attorney General's Opinion
No. C-712 (1966):

"3.  There is a rebuttable presumption that such a
person in the military service retained his domicil in
the State from which he was inducted until such time as
he is shown by clear and unequivocal proof to have
effectively abandoned it and established a domicil
elsewhere."  (Emphasis added).

That Opinion further says "that no hard and fast rule
can be formulated with respect to the serviceman's domicil
or residence status.  Each case must be decided upon the
peculiar facts presented with reference to objective evidence
to support the serviceman's intention."  In fact, the
ordinary rules of domicil create a presumption that the
place where a person actually lives is his domicil, although
it is clear that something beyond mere residence is needed.
21 Tex.Jur. 2d 65, Domicil, Section 5, and cases cited
therein.

Article 5.08(j), supra, attempts in its first sentence
to make it impossible for a serviceman under those circum-

stances to acquire a residence in Texas no matter what he may intend to do and no matter what he does to evidence that intention!  Such a provision is unreasonable and discriminatory.  It was stated in Carrington v. Rash, supra, at page 96:

> "By forbidding a soldier ever to controvert the presumption of non-residence the Texas Constitution imposes an invidious discrimination in violation of the Fourteenth Amendment."

It is, therefore, the opinion of this Office that the Texas Election Code, Article 5.08(j), Vernon's Civil Statutes, insofar as it prevents a serviceman from ever establishing a residence in Texas, is an unconstitutional deprivation of equal protection of the laws to those servicemen.  The remainder of Article 5.08(j), supra, establishes presumptions against a serviceman acquiring a residence in Texas.

The qualifications for voting as set out in Article 5.02, supra, include that of being one "who shall be a citizen of the United States and who shall have resided in this state one year next preceding an election and the last six months within the district or county in which such person offers to vote."

A "citizen" is one who, as a member of a nation or of the body politic of the sovereign state, owes allegiance to and may claim reciprocal protection from its government. Ozbolt v. Lumbermens Indemnity Exchange, 204 S.W. 252 (Tex. Civ.App. 1918, no writ).  Citizenship is a status or condition, and is the result of both act and intent. Residence, with respect to the qualifications of jurors, also is chiefly a question of intent.  Vaughn v. State, 134 Tex.Crim. 97, 113 S.W.2d 895 (1938); Hutson v. State, two cases, 106 Tex.Crim. 278, 291 S.W. 903 (1927).  Both citizenship and residence, therefore, are keyed to the establishment of the necessary intent.

The establishment in Article 5.08(j), supra, of rebuttable statutory presumptions against a serviceman acquiring a residence in Texas must be viewed in light of what is required of ordinary citizens in this regard.  To discriminate against servicemen in order to avoid administrative difficulties in jury selection would not satisfy the requirements of Carrington v. Rash, supra, where it was said at page 91:

"In other words, the privilege to vote in a state is within the jurisdiction of the state itself, to be exercised as the state may direct, and upon such terms as to it may seem proper, provided, of course, no discrimination is made between individuals, in violation of the Federal Constitution." (Emphasis added).

Consequently, military personnel can qualify to serve as prospective jurors under Article 2133, Vernon's Civil Statutes, after satisfying the other requirements of the Texas Election Code, provided their intent to establish a residence in Texas is bona fide. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, 555 (1946); Mills v. Bartlett, 377 S.W.2d 636, 637 (Tex.Sup. 1964); Guerra v. Pena, 406 S.W.2d 769, 776 (Tex.Civ.App. 1966, no writ).

## S U M M A R Y

Military personnel can qualify to serve as prospective jurors under Article 2133, Vernon's Civil Statutes, after satisfying the other requirements of the Texas Election Code, provided their intent to establish a residence in Texas is bona fide. Article 5.08(j), Vernon's Civil Statutes, insofar as it prevents a serviceman from ever establishing a residence in Texas, or insofar as it discriminates against servicemen in the establishing of a residence in Texas, is an unconstitutional violation of the Equal Protection of the Laws provision of the Fourteenth Amendment to the United States Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Wayne Rodgers
Ralph Rash
J. C. Davis
Vince Taylor

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant